Kent, J.
delivered the opinion of the court. The question, in this case, is as to the competency of the proof of the hand-writing of the defendant; and we are of opinion it was admissible. It is usual for witnesses to prove hand-writing, from previous knowledge of the hand, derived from having seen the person write, or from authentic papers, received in the course of business.(a) (Peake’s N. P. 21. 1 Esp. Cases, 15, 351, 352.) If the witness has no previous knowledge of the *214 hand, he cannot then be permited to decide it, in court, from a comparison of hands. (1 Esp. Cas. 14.)(b)
To repel this proof, the defendant produced two witnesses, who severally swore, that they were acquainted with his hand-writing, and that the note in question was not signed with his hand. The defendants, also, produced several notes, admitted to be his, for the jury to judge, by comparison, and they were delivered to the judge, by consent. This consent takes away all objection to the admissibility of the notes, and we, therefore, decline giving any opinion, as to the legality of such testimony, without consent.
The plaintiff then proved the endorsement to the note by a confidential clerk, who testified, that the plaintiff and endorser (who resided in London) had long beea correspondents, and that their letters came into his hands; and although he had never seen the endorser write, he believed the endorsement to be his hand, from/the knowledge he had acquired from the correspondence.
This proof was undoubtedly admissible and competent; (Buller’s N. P. 236;) and there is no sufficient cause shown for disturbing the verdict.
Rule refused.(c)

(a) The State v. Allen, 1 Hawks’ R. 6. Lyon v. Lyman, 9 Conn. R. 55, 59, 60. Carey v. Pitt, Peake’s add. Cas. 130. Russell v. Coffin, 8 Pick R. 143. Hammond’s case, 2 Greenl. R. 33. Radford’s adm’r. v. Peggy, 6 Rand. 316. Turnipseed v. Hawkins, 1 McCord, 278, 279. Faber v. Hilliard, 2 N. Hamp. R. 480, 481, 482. Clark v. Wallace, 3 Penns. R. 441. Thatcher v. Goff, 1I Lou. R. (Curry,) 94.
“ Hand-writing is well proved by a witness who has received letters from the party, in answer to letters written to him by the witness, though the witness has never done anything in consequence of the receipt of such letters. Doe v. Wallinger, cor. Holroyd, 3. Dorchester Spring Assizes, 1819, 2 Stark. Ev. 273, n. (h.) 6th Amer. ed. If letters are sent directed to a person on particular business, and an answer is received in due course, a fair inference arises that the answer was sent by the person in whose hand-writing it purports to be. Per Lord Kenyon in Carey v. Pitt, Peake’s add. Cas. 130. The like general doctrine prevails where’the witness, though he has seen no written correspondence of the party, is able to testify from other authentic papers, received or examined by him in the course of business; per Kent, J. in Titford v. Knott, 2 Johns. Cas. 214 ; Turnipseed v. Hawkins, 1 McCord, 278; Faber v. Hilliard, 2 N. Hamp. R. 481, 482 ; Thatcher v. Goff, 11 Lou. R. (Curry,) 94; e. g. notes purporting to have been signed by the alleged writer, and afterwards paid by him ; the payment of them being a full admission that he had made and signed them. Johnson v. Daverne, 19 Johns. 134, 136. So, where the witness, an officer of a bank, stated that he knew the person’s hand-writing, from the circumstance of having his bank»book, and having seen his checks, which were received and paid in the ordinary course of business. Coffee’s case, 4 City Hall Rec. 52 ; S, C. Judic Repos. 293. In Virginia, a witness who had aoquired a knowledge of the hand-writing of a person, from an examination of his papers after his death, (the witness being his administrator,) was held competent to testify to his *214 liand-writing, in the court of probate, though the witness professed to have no knowledge save that so derived. Sharp v. Sharp, 2 Leigh, 249. In Smith v. Sainshury, 5 Carr. & Payne, 196, it became necessary for the defendant to prove the hand-writing of Mary Smith, an attesting witness to an agreement, purporting to be signed by the plaintiff. The defendant’s attorney for this purpose testified, that he believed he was acquainted with her handwriting ; that he had never seen her write, but had observed the name of Mary Smith signed to an affidavit, which had been used by the plaintiff’s counsel, in answer to an application to postpone the cause, and which was filed. In the affidavit it was sworn, that Mary Smith was the plaintiff’s wife. This evidence being objected to, Park, J. held it sufficient; for, the plaintiff was precluded from alleging that the signature to the affidavit was not genuine. He distinguished it from the case of mere comparison of handwriting, inasmuch as the witness took notice of the signature, and, in his mind, formed an opinion, which enabled him to swear to his belief.” Cowen & Hill’s Notes to 1 Phil. Ev. 1324, 1325.

(b) “ Mr. Starkie, speaking as to the rule excluding mere comparison of hands, says, that perhaps after all, the most satisfactory reason for it is, that if such comparison were allowed, it would open the door to the admission of a great deal of collateral evidence, which might go to a very inconvenient length. For, in every case, it would be necessary to go into distinct evidence, to prove each specimen produced to be genuine ; and even in support of a particular specimen, (if the present rule were to be broken through,) evidence of comparison would be receivable in order to establish the specimen, and so the evidence might branch out to an indefinite extent. 2 Stark. Ev. 375, 6th Am. ed.
“ By comparison, is now meant, an actual comparison of two writings with each other, in order to ascertain whether both were written by the same person ; though formerly, even comparing the standard formed in the witness’ mind with the writing in dispute, was called evidence by comparison : and hence, was deemed inadmissible, at least in criminal eases. 2 Stark. Ev. 373, 374, 6th Am. ed.
“ The English courts have consistently followed the rule, excluding evidence founded upon a mere comparison of hands by witnesses. See an elaborate note, exhibiting most of the earlier English cases, 4 Esp. Rep. 273, a, Day’s ed. A witness cannot have two writings placed in his hands, and then be asked, whether, in his belief, both were not written by the same person. Clermont v. Tullidge, 4 Carr. & Payne, 1. See also Mutchinson v. Allcock, 1 Dowl. & Ryl. 165 ; Greaves v. Hunter, 2 Carr. & Payne, 477. On information for a riot, a letter from the prosecutor was offered by the defendant, and admitted to be genuine. Then a lost letter was proposed to be proved by a witness, who never saw the prosecutor write, but would swear it was in the same hand with the letter produced ; this was rejected because he had never seen the party write. The King v. Sir T. Culpepper, Skin. 673.” Cowen & Hill’s Notes to 1 Phil. Ev. 1326.
“ The doctrine excluding comparison of hands by witnesses, was recognized by the Supreme Court of the United States, in Strother v. Lucas, 7 Peters’ R. 763. ‘ It is a general rule,’ said Thompson, C. J., delivering the opinion in that case, ‘ that evidence by comparison of hands is not admissible, where the witness has had no previous knowledge of the hand-writing, but is called upon to testify merely from a comparison of hands.’ Id. 767.” The same doctrine has been recognized in New York, Jackson ex dem. Van Duzen v. Van Duzen, 5 Johns. R. 155. See Jackson ex dem. Woodruff v. Cody, 9 Cowen, 140 ; Haskins v. Stuyvesant, Auth. N. P. 97 ; Jackson v. Phillips, 9 Cowen, 94; Wilson v. Kirkland, 5 Hill, 182 ; Olmstead v. Stewart, 13 Johns. R. 238. New Jersey, Goldsmith v. Bane, 3 Halst. 87. Virginia, Rowts’ adm’x. v. Kiles’ adm’r. 1 Leigh, 216. See Gardner’s adm’r. v. Vidal, 6 Rand. 106; Redford’s adm’r. v. Peggy, id. 316 ; Sharp v. Sharp, 2 Leigh, 249 ; and Kentucky, Woodward v. Spiller, 1 Dana R. 179, 181. The whole subject is elaborately considered in Cowen & Hill’s Notes to 1 Phiil. Ev. 1324-1332, and ail the principal cases are cited and commented on.

(c) See Peake’s Law of Ev. 2d ed. 103, 107.