## HUSTON v. ROOSA.

ACTION.—*Relief from Forged Instrument.*—One whose name has been forged to a negotiable instrument may maintain an action against an indorsee of such instrument, to compel a surrender of such forged instrument, or a release from liability thereon; and in such action, the court may render a judgment releasing the person whose name is forged from all liability, and as to him declaring the instrument null and void.

From the Wayne Common Pleas.

*W. A. Peelle* and *H. C. Fox*, for appellant.

*W. A. Bickle* and *J. B. Julian*, for appellee.

WORDEN, J.—Complaint by the appellee against the appellant and one J. C. Fitzgerald, alleging "that heretofore to

wit, on the 15th day of December, 1869, at said county of Wayne, the said defendant Fitzgerald, or some one else whose name is unknown, without the knowledge, authority, or consent of the plaintiff, prepared a note payable to himself, twelve months after date, at the first national bank at Indianapolis, for the sum of four hundred dollars, with ten per cent. interest from date, to which said note he, without the knowledge, consent, or authority of the plaintiff, affixed his, said plaintiff's, name, thereby making him stand thereon as the maker thereof, and thereupon, as the plaintiff alleges, endorsed said note to said defendant Huston, who is now in the possession thereof and claims to own the same; copies of which note and the indorsement thereon are made a part hereof and appended hereto. And the plaintiff says that he not only did not sign said note or know even of its existence, but owed the said Fitzgerald nothing whatever, and had never promised to give him such note or any note whatever, and had never even talked with him on the subject of giving him a note. And the plaintiff says that said defendant Huston well knows that said note is a forgery; that he has fully explained the same to him and demanded of him a surrender of it or a release of himself from liability on it, but he insists on holding it and using it as a valid, subsisting obligation of the plaintiff. And the plaintiff says the resemblance between his handwriting and that forged is very close; that it might and would be taken to be his by many persons who had seen his writing, and that it would be very difficult, if he were not personally present to testify to the facts and to explain the difference, to show that it was actually a forgery, as it is in point of fact. And the plaintiff says, in view of these facts and of the length of time the note has to run, and the uncertainty as to when the question may be brought up and settled at the instance of the defendant Huston, and the possibility that at that time he, said plaintiff, may be dead, and his estate exposed to injustice and wrong in the collection of said note, he prays the court to decree a cancellation of said note and its deliv-

ery to him, or that he be decreed to be released from all liability thereon; and will your Honor grant such other relief as may be equitable and just." A copy of the note, payable to the order of Fitzgerald, with the indorsement, corresponding with that described, is set out.

Fitzgerald was notified by publication and made default, but no judgment appears to have been rendered against him. Huston answered by general denial, and on trial there was a verdict for the plaintiff. Over motions by Huston for a new trial and in arrest of judgment, the court pronounced the following judgment. " It is therefore ordered, adjudged, and decreed by the court, that the plaintiff be, and he is hereby released from all obligation and liability on the note mentioned and described in his said complaint, and that the same is hereby declared null and void as to him, the said David S. Roosa, and that he recover of said defendant Huston the costs," etc.

There is no question made here on the motion for a new trial, but it is insisted that the motion in arrest should have prevailed, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The reasons assigned for the motion in arrest were :

" 1st. The said complaint does not state facts sufficient to constitute a cause of action against the said defendant.

" 2d. The defendant denies the power of the court, and objects to the rendition of judgment against him for the cancellation of the note."

The action was commenced on February 26th, 1870, and the note did not mature until December 15th, of that year.

The cancellation of written instruments, in proper cases, is one of the familiar heads of equity jurisdiction. The abolition, in practice, of the distinction between law and equity does not seem to affect the question arising here. Our courts administer, in every case, either law or equity, in accordance with the legal or equitable rights of the parties. If, according to the principles governing a court of equity, the judgment below is right, it must be affirmed.

Mr. Justice STORY, after discussing the jurisdiction of a court of equity in such cases, proceeds as follows: " But whatever may have been the doubts or difficulties formerly entertained upon this subject, they seem by the more modern decisions to be fairly put at rest; and the jurisdiction is now maintained in the fullest·extent. And these decisions are founded on the true principles of equity jurisprudence, which is not merely remedial, but is also preventive of injustice. If an instrument ought not to be used or enforced, it is against conscience for the party holding it to retain it; since he can only retain it for some sinister purpose. If it is a negotiable instrument, it may·be used for a fraudulent or improper purpose, to the injury of a third person. If it is a deed purporting to convey lands or other hereditaments, its existence in an uncancelled state necessarily has a tendency to throw a cloud over the title. · If it is a mere written agreement, solemn or otherwise, still, while it exists, it is always liable to be applied to improper purposes; and it may be vexatiously litigated at a distance of time, when the proper evidence to repel the claim may have been lost, or obscured; or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment." Story Eq., sec. 700. At sec. 701 the same author says the doctrine is applied to forged instruments,.which may be decreed to be given up without any prior trial at law on the point of forgery.

This, it will be seen, is not a case in which the illegality of the instrument appears upon the face of it, but depends upon the extrinsic fact that the plaintiff's name attached to it as maker was a forgery; hence the question does not arise whether a court of equity will interfere in a case where the instrument appears to be void on its face. It is objected that the complaint is bad in this, that as the plaintiff demanded only a surrender of the note, or a release from liability, the defendant was not put in the wrong, and, therefore, that the action cannot be maintained against him. The

Huston *v.* Roosa.

argument is, that the defendant could not be required to surrender the note, because he had a right to retain it, in order to establish his claim against his endorser, and that he could not be required to execute a release to the plaintiff, because that might jeopardize his right to recover from his endorser. But we are of opinion that the complaint would be good if the demand above stated were stricken out. The complaint avers that the defendant well knows the note to be a forgery, that the plaintiff had fully explained that to him, but that the defendant, nevertheless, still persisted in holding and using the note as a subsisting obligation of the plaintiff. Under the averments of the complaint, we think the plaintiff had a right to go into equity for relief without any special demand. The defendant was not obliged to acquiesce in the plaintiff's statement that the note was forged, but if, after he was advised that the plaintiff claimed it to be a forgery, he persisted in holding it be a valid instrument against him, the plaintiff had a complete and perfect right to go into a court of equity for relief against it, and the defendant should take his chances as to the result of the litigation.

The judgment was quite as favorable to the defendant as he could ask. It did not require him to surrender the note to be cancelled, nor that he execute a release to the plaintiff. The note is still left with the defendant, with all his rights unimpaired to proceed against his endorser. The judgment we regard as quite proper under the circumstances. It might have been technically more correct had it adjudged that the plaintiff never was bound by or liable on the note, instead of releasing him from all obligation or liability thereon. But it declares the note null and void as to the plaintiff. This is the substance, and it is sufficient. The most usual decree in such cases is, perhaps, that the instrument be surrendered up and cancelled. But, as before stated, we think the decree entered quite appropriate, inasmuch as it adjudges the note to be null and void as against the plaintiff, yet leaves it in the hands of the defendant,

whereby he may be the better enabled to enforce whatever rights he may have against Fitzgerald, his endorser. In the case of *Martin* v. *Graves*, 5 Allen, 601, the court say, in respect to the character of the relief to be granted : " A court of equity will afford relief by directing the instrument to be delivered up and cancelled, or by making any other decree which justice and the rights of the parties may require."

There is no error in the record.

The judgment below is affirmed, with costs.