## HUSTON *v.* SCHINDLER,

ACTION.—*Relief from Forged Instrument.*—One whose name has been forged to a negotiable instrument may maintain an action against an indorsee of such instrument to compel a surrender of the forged instrument or a release therefrom; and in such action, the court may render a judgment releasing the person whose name is forged from all liability, and, as to him, declaring the instrument void.

EVIDENCE.—*Comparison of Handwriting by Jury.*—Papers having no connection with the cause, though conceded to be genuine, ought not to be submitted to the jury for comparison with the signature alleged to be forged.

SAME.—*Comparison of Handwriting by Experts.*—Such papers, together with the signature alleged to be forged, may be submitted to experts, for the purpose of comparison by them, and that they may give to the jury an opinion based upon such comparison.

SAME.—*Forged Signature Submitted to Jury.*—It is proper to submit to the

jury, in connection with evidence bearing upon the genuineness of the signature in question, the paper bearing such controverted signature.

From the Wayne Common Pleas.

*W. A. Peelle* and *H. Fox*, for appellant.

*W. A. Bickle* and *J. H. Popp*, for appellee.

BUSKIRK, J.—The complaint, in its substantial allegations, alleges and charges, that on the 4th day of January, 1870, J. C. Fitzgerald and J. F. Burdge forged the name of the appellee to a certain note payable to themselves, one year after date, at the First National Bank of Centerville, Indiana, for the sum of four hundred dollars; that said Fitzgerald and Burdge indorsed said note to the appellant, who was then in possession thereof, and claimed to own the same; that at the time of the filing of the complaint, the appellant knew such note to be a forgery; that the appellee had demanded of the appellant a surrender of such note, or a release from all liability thereon; that the appellant had refused to surrender it or execute a release, but insisted on holding it as a valid subsisting obligation of said appellee; that the resemblance between the handwriting of the appellee and the signature to the note was so very close that the forged signature might be taken by many persons, who had seen his handwriting, to be genuine, and that it would be very difficult to distinguish the one from the other; and because of these facts, and the length of time the note had to run, and the uncertainty as to when the question of the genuineness of such note may be brought up at the instance of the appellant and settled, and the probability that at such time the appellee and his witnesses may be dead; that he can explain and give reasons and point out differences between the forged and his genuine signature, which others cannot do; wherefore, to prevent his estate from being exposed to injustice and wrong, he prays the court to decree a cancellation of said note, and delivery to him, or that he be decreed released from all liability thereon. A copy of such note and indorsements thereon was filed with and made a part thereof.

A judgment by default was rendered against Fitzgerald and Burdge. The appellant appeared and demurred to the complaint for the want of sufficient facts, but the demurrer was overruled, and an exception taken. The appellant answered by the general denial and a special paragraph, in which he averred that the note was not a forgery; that appellee's signature thereto was genuine; and that he had purchased the same in good faith and for a valuable consideration.

The cause was submitted to a jury for trial, and resulted in a finding for appellee. New trial refused and judgment.

The appellant has assigned for error the overruling of the demurrer to the complaint, and the motion for a new trial.

The complaint in the present case is the same as the complaint in *Huston* v. *Roosa*, 43 Ind. 517, except that in that case it was charged that Fitzgerald had committed the forgery, while in the present case it is averred that the forgery was committed by Fitzgerald and Burdge. In that case, a demurrer was overruled to the complaint, and that ruling was assigned for error here. WORDEN, J., speaking for the court, after a careful examination of the authorities, reached the conclusion that the complaint was good, and entitled the plaintiff to the relief demanded and granted. We are entirely satisfied with the ruling in that case, and the grounds upon which it was placed. For the reasons there stated, we hold that the complaint in the present case is good, and that the court committed no error in ruling upon the demurrer thereto.

We next inquire whether the court erred in overruling the motion for a new trial. The evidence not being in the record, no question arises as to its sufficiency to sustain the verdict. The only reason relied upon for a new trial is presented by a bill of exceptions, which is as follows:

" Be it known, that on the trial of this cause in said court, and after the plaintiff, as a witness, had testified that the signature to the note in dispute was not made by him, or by any one under his direction; that he never gave the note;

and after the said plaintiff had admitted that a number of signatures of his name, shown to him while on the witness stand, were genuine, were written by him; and after four witnesses who had been permitted to testify as experts had, upon comparison of the said admitted genuine signatures with the one alleged to be forged, testified that the same, the genuine ones and the one alleged to be forged, were in their opinion written by the same person; the defendant's counsel asked leave of the court to submit to the jury for their inspection the said forged signature and the said admitted genuine signatures, but the counsel for the plaintiff objected, and the objection was sustained, and the signatures were not permitted to be examined by the jury; to which ruling of the court the defendant, Huston, excepted, and files this his bill of exceptions, and asks that it be signed, sealed, and made a part of the record, which is done.     JOHN F. KIBBEY."

It was held by this court, in *Chance* v. *The Indianapolis, etc., G. R. Co.,* 32 Ind. 472, that, "where other writings, admitted to be genuine, are already in the case, the jury may, with or without the aid of experts, make the comparison. But if they are not papers in the case, the evidence competent to go to the jury must be that of the witnesses, so as to afford the benefit of a cross-examination. The jury were permitted, over the objection of the defendant, to take with them in their retirement to consider of their verdict, the instrument sued on. This was erroneous."

In *Ellis* v. *The People,* 21 How. Pr. 356, the court say: "If they were properly before the jury, and Clarke be conceded to be eminently expert in determining upon the genuineness of signatures by inspection or comparison, the testimony offered was not allowable. It was an attempt to prove by comparison of hands; that is, by the juxtaposition of the two writings, that the three papers were written by the same person, and that, therefore, the signature to the receipt, the execution of which had been denied by the prosecutrix, was genuine. It is well settled that evidence of this character is inadmissible. *People* v. *Spooner,* 1 Den. 343;

*Jackson* v. *Phillips*, 9 Cow. 94; *Wilson* v. *Kirkland*, 5 Hill N.Y. 182. The rule in this State and in England is, that when different instruments are properly in evidence for other purposes, the handwriting of such instruments may be compared by the jury, and the genuineness or simulation of the handwriting in question be inferred by such comparison. *Van Wick* v. *McIntosh*, 4 Kern. 402; *Doe* v. *Newton*, 5 A. & E. 514. A witness cannot, however, take the place and usurp the functions of the jury."

In *Van Wyck* v. *McIntosh*, 14 N. Y. 439, the court say: "The evidence offered by the defendant of his bank checks was properly excluded. This offer obviously contemplated a comparison, by the jury, of the signatures to the checks with that indorsed upon the note, as one test of the genuineness of the latter. This has, I believe, never been allowed in this State. Our courts have adopted the English rule, which excludes such comparisons by the jury, as evidence to prove or disprove the handwriting of a party, and the opinions of witnesses founded thereon. *Wilson* v. *Kirkland*, 5 Hill N.Y. 182; *Jackson* v. *Phillips*, 9 Cow. 94; *Olmsted* v. *Stewart*, 13 Johns. 238; *Jackson* v. *Van Dusen*, 5 Johns. 155; *Titford* v. *Knott*, 2 Johns. Cas. 211. A different rule prevails in several of our sister states. The true rule, I apprehend, on this subject, is that laid down in *Doe* v. *Newton*, 5 Adolph. & Ellis, 514, that where different instruments are properly in evidence for other purposes, the handwriting of such instruments may be compared by the jury, and the genuineness or simulation of the handwriting in question be inferred from such comparison. But other instruments or signatures cannot be introduced for that purpose.".

The same rule is laid down in *Griffits* v. *Ivery*, 11 A. & E. 322, and *Hughes* v. *Rogers*, 8 M. & W. 123.

It is very obvious from the foregoing authorities, that the ruling of the court below was correct. Papers having no connection with the cause, though conceded to be genuine, ought not to be submitted with the signature alleged to be forged to the jury for the purpose of comparison.

Huston *v*. Schindler.

The foregoing authorities go further, and hold that papers not properly in evidence for some other purpose, though admitted to be genuine, cannot be submitted to experts for the purpose of basing an opinion upon a comparison of the admitted genuine signatures with the one alleged to have been forged.   A different rule, however, has been established in this court.   Such comparison was held to be competent in *Chance* v. *The Indianapolis, etc., G. R. Co., supra.*   The ruling in the above case was, upon thoughtful consideration and a full examination of the authorities, adhered to and followed in the case of *Burdick* v. *Hunt,* 43 Ind. 381.

The rule should, therefore, be regarded as settled in this State, that while papers not properly admitted for some other purpose may be submitted, where the signatures are admitted to be genuine, with the signature charged to have been forged, to experts for the purpose of comparison by them, and that they may give to the jury an opinion based upon such comparison, such papers cannot be submitted to the jury to enable them to make a comparison between the admitted genuine signatures and one alleged to be a forgery.   It is proper to submit to the jury, in connection with the evidence bearing upon the genuineness of the signature in question, the paper bearing such controverted signature.

It was further held in *Burdick* v. *Hunt, supra*, that a paper, not already in evidence for some other purpose, could not be submitted to experts for comparison, where the signature was not admitted to be genuine, there being no dispute about its authenticity.   If the rule were otherwise there would be a collateral issue formed as to the genuineness of the signature in question, before a comparison could be made by the experts.

In our opinion, the court below committed no error.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.