## ADAMS v. THE CITIZENS STATE BANK OF NEWCASTLE.

PLEADING.—*Inadvertence or Excusable Neglect —Complaint for Relief against Judgment and Sheriff's Sale.*—In an action by A., against B. and C., to foreclose a mortgage on real estate, judgment by default was taken against B., and the real estate was sold by the sheriff, on the decree of foreclosure. Within two years after judgment, an action was brought by B., against A., for relief against such default, judgment and sale. The complaint alleged that B. was once owner of the land, and had sold the same to C., her son, for a certain sum, taking simply his promissory note for the purchase-money, and that the same was due and still unpaid; that subsequently the son, without her knowledge or consent, and without any con-

sideration, had made another note payable to her, and also a mortgage on such land to secure payment of the note, and without delivering the same to her, and without her knowledge or consent, he had forged her endorsement upon such note and mortgage, and had sold and transferred the same to A., who had afterward foreclosed the same, as above stated; that, at the time of such suit, she was living in another county, had no knowledge of the existence of such note and mortgage, could neither read nor write, was aged, and did not understand the summons read to her, supposing the same to be a suit in the county where she lived; and that O , on being spoken to by her, assured her that he would attend to the matter, and that she had no interest therein.

*Held*, on demurrer, that, under section 99 of the practice act, the complaint entitled her to relief.

From the Henry Circuit Court.

*J. H. Mellett* and *E. Bundy*, for appellant.

*M. E. Forkner*, for appellee.

WORDEN, J.—Complaint by the appellant, against the appellee, alleging, in substance, that on the 1st day of May, 1875, the plaintiff sold, and by warranty deed conveyed, to her son, Ira B. Adams, certain land described, situate in the county of Henry and State of Indiana, for the sum of four thousand dollars, for which purchase-money she took from her son his two promissory notes, each for the sum of two thousand dollars, payable, the one in eight months, and the other in a year and eight months from date, which notes remain due and unpaid; that she took no mortgage or other security for the payment of the notes; that on the 4th day of May, 1875, the said Ira B. Adams made a note for the sum of twenty-two hundred dollars, payable six months after date to the order of the plaintiff at the defendant's bank, and also a mortgage on the land thus conveyed to him by the plaintiff to secure the payment of the last mentioned note; that at the February term, 1876, of the Henry Circuit Court, the defendant brought an action in said court upon the last mentioned note and to foreclose the mortgage given to secure the payment thereof, against said Ira B. Adams, this plaintiff,

Levi M. Copeland and Pleasant H. Hayes; that the plaintiff was then living in Indianapolis, Marion county, Indiana, and that a summons in said cause was there served upon her, and on the 9th day of February, 1876, a judgment was rendered in said court upon said note and mortgage in the sum of twenty-three hundred and sixty-five dollars, and a decree was rendered therein, foreclosing said mortgage; and on the — day of ———, 1877, a decretal order was issued thereon by the clerk of said court to the sheriff of said Henry county, and on the 24th day of March, 1877, said land was sold to the defendant for the sum of $2757.-28, that being the amount of the judgment and costs thereon.

That, at the time the summons in said action was served upon the plaintiff by the sheriff of Marion county, she had no knowledge of the existence of said note and mortgage or either of them; that she never saw or heard of either of them until she was informed by John Adams that they were in existence, and that she never actually knew that they existed, or saw them or either of them, until in August, 1877, when they were shown to her by her attorneys in this suit; that the said note and mortgage were not, nor was either of them, ever delivered to her by any one, nor did she ever consent to receive the same, and, at the time said note and mortgage were executed, the said Ira B. Adams was not indebted to her in any manner except upon the notes first above named for the purchase-money of said land, and that the endorsement of her name on the back of said note and mortgage to which her mark is pretended to be attached was false and forged, and that said endorsements were not made by any one with her knowledge or consent; that the plaintiff cannot read or write, and that she is of the age of 67 years; that, at the time the sheriff of Marion county came to serve her with the summons in said cause, he wanted to know

where Ira was, that she told him where he could be found, and that the sheriff then read said writ, and she thought and understood that it was to be at the Indianapolis court-house, and she did not understand the same, or know what it meant, and she told Ira B. Adams, who is her son, that it would be too far for her to walk, that he must attend to it, and he told her it was nothing she had any interest in, that she need not go to the court-house, but he would go and attend to it, and that, at that time she did not have any suspicion that there was any suit against her, or that there was any note or mortgage in which she had any interest, or that there had ever been any note and mortgage made to her or in her favor by said Ira B. Adams or any one else, and that she did not appear to said action in this court for the reason that she did not know or understand that there was any such suit against her, or where it was or the nature of it. And she therefore prays that said default and judgment may be set aside, and that said sale be set aside, annulled and declared void, and that she may be permitted to appear and defend said action," etc.

To this complaint a demurrer for want of sufficient facts was sustained. Exception and final judgment for the defendant.

Error is assigned upon the ruling on the demurrer.

Two questions are discussed in the case : *First*, has the plaintiff, on the statements in the complaint, any defence to the original action ? and, if so, *Second*, were default and judgment taken against her through her mistake, inadvertence, surprise or excusable neglect?

The case made by the plaintiff on the first question is, briefly, this :

Her son, Ira B. Adams, owed her $4,000, for the land conveyed by her to him, and she had a vendor's lien on the land for this purchase-money. After the purchase of the

land by Ira, he made a note payable to the order of the plaintiff for $2,200, and a mortgage on the same land, to secure the payment of the last named note. The name of the plaintiff, the payee of the latter note and the mortgagee, was placed by a forgery, and without the plaintiff's knowledge or consent, upon the note and mortgage as an endorsement thereof.

The note and mortgage, with the forged endorsements thereon, were purchased by the defendant.

Now, it is abundantly clear that the defendant could acquire no title to the note and mortgage as against the plaintiff by means of the forged endorsements, nor could it thus acquire any right as against the plaintiff to enforce the mortgage against the land, and thereby interfere with the lien of the plaintiff as a vendor. As to rights of parties to forged paper, see Edwards on Bills, 190; *Allen* v. *Sharpe*, 37 Ind. 67; *Huston* v. *Roosa*, 43 Ind. 517; *Huston* v. *Schindler*, 46 Ind. 38.

We think it clear that the complaint states a complete defence on the part of the plaintiff herein to the original action.

We come to the second question:

The statute provides that the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." Code, sec. 99.

This complaint was filed within two years of the default and judgment, and it seems to us that the facts stated present a clear case of inadvertence and excusable neglect. The plaintiff was an elderly woman, 67 years of age, and it may be assumed that she had but little knowledge of the world or its ways and business, as she could neither read nor write. She did not understand the summons, when it was read to her, or know what it meant, but she thought and understood that the suit was to be at the

court-house at Indianapolis, and she was led to believe that it was a matter in which she had no interest.

Common justice requires that the plaintiff, under the facts stated in the complaint, should be relieved of the default and judgment against her, and that she should be permitted to defend the action, and this relief the statute above cited enables the court to afford.

We are of opinion that the court erred in sustaining the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.