Benjamin F. Harris and Thomas J. Study, for appellant.

John L. Rupe, for appellee.

---

### MARY E. ROMINGER V. NELSON R. KEGES AND S. WEBBER SMITH.

1. *What Notes are Governed by the Law Merchant.*—None but notes payable in a bank, in this State, are put upon the footing of bills of exchange, and are governed by the law merchant, under the statute.

**2.** *Construction of the Words, " Payable in a Bank."*—Herein, the note in suit was made payable "at the Indiana Banking Company, of Indianapolis, Indiana." *Held*, That this did not bring it within the meaning of the statute, since the purpose of the statute is to have the place of payment specified, so that demand of payment can there be made, and proper notice of non-payment, so as to change an indorser. And the above terms of the note herein do dot render it payable in or at a bank, or the office, banking-house or place of business of a bank. Hence, it is not governed by the law merchant.

**3.** *Construction of the Statute in General.*—While the rights of parties to commercial paper should be fully recognized, yet the statute should receive a strict construction. There is neither wisdom nor legal propriety in drawing within the vortex of the law merchant paper, which, by its terms, does not belong to the class governed by that law.

Filed May 26, 1881.

Appeal from Bartholomew Circuit Court.

Opinion of the court by Mr. Justice Worden.

Complaint by the appellees as the *bona fide* holders for value, by indorsement before maturity, against the appellant and Henry F. Rominger as makers, of the following promissory note :

"Hope, Ind., March 20, 1877.

" Four months after date we promise to pay James B. Drake, or order, four hundred dollars, and five per cent. thereon for attorney fees value received, without any relief whatever from valuation or appraisement laws, negotiable and payable at the Indiana Banking Company, of Indianapolis, Indiana, with ten per cent. interest until paid. Henry F. Rominger,

"Mary E. Rominger."

A verdict was rendered in favor of Henry F. Rominger, on his answer of infancy.

Issues were joined between the plaintiffs and Mary E. Rominger, which were found for the plaintiffs, and judgment was rendered against her in favor of the plaintiffs.

The case was tried on the theory that the note was governed by the law merchant. The appellant answered, among other things, as follows :

" 2. That defendant for answer herein says, that the note in suit is wholly without consideration, and the Indiana Banking Company is not a corporation organized under or pursuant to any law of the State of Indiana, nor of any State of the United States, or of any act of Congress, or under any law whatever."

A demurrer to this paragraph of answer, for want of sufficient facts was sustained, and this ruling is assigned, among other things, for error.

It is apparent that if the note is not governed by the law merchant, so much of the above paragraph of answer as alleges that the note was without consideration, was a good defense thereto in the hands of any indorsee thereof.

None but notes payable in a bank in this State are put upon the footing of bills of exchange, and governed by the law merchant. The statute provides that, " Notes payable to order or bearer in a bank in this state, shall be negotiable as inland bills of exchange, and the payees and indorsees thereof may recover as in case of such bills." 1 R. S., 1876, p. 636, § 6.

The note in this case is payable " at the Indiana Banking Company, of Indianapolis, Indiana." It is not payable at the office of the company, or the banking house of company, nor in any *place* of payment designated in it.

The makers of the note may be estopped thereby to deny the existence of such a company as that mentioned. If their contract had been with the company, they would be estopped to deny its existence at the time of the contract.

But conceding, for the purposes of the case, that the makers are estopped to deny the existence of the company, the estoppel extends no farther. There may have been such a company in existence, without an office or banking house, and the makers of the note, as we have seen, did not agree to pay at the office or banking house of the company.

One of the definitions of the word bank is: "The house or place where such business is carried on."—*Burrill.* " *In commercial law:* A place for the deposit of money."—*Bouvier.*"

" Commercially, it is a place where money is deposited for the purpose of being let out at interest, returned by exchange, disposed of to profit, or to be drawn out again as the owner shall call for it."—*Wharton.*

" An establishment for the custody of money; or for the loaning and investing of money; or for the issue, exchange and circulation of money; or for more than one or all of these purposes. The term is applied to the incorporation or association authorized

to perform such functions; to the body of directors or other officers authorized to manage its operations; and to the office or place where its business is conducted."—*Abbott.*

The words " in a bank," as used in the statute above quoted, embody the idea of place as fully as any of the foregoing definitions.

The purpose of the statute was, among things, to have the place of payment specified, so that demand of payment there made, and proper notice of non-payment, would be sufficient to charge the indorser.

As the note in suit, by its terms, is not payable in or at a bank, or the office, banking house, or place of business of a bank, it does not come within the terms of the statute, and is not governed by the law merchant.

While we recognize, to the fullest extent, the rights of the parties to commercial paper, we see neither wisdom nor legal propriety in drawing within the vortex of the law merchant paper which, by its terms, does not belong to the class governed by that law.

The court below erred in sustaining the demurrer to the second paragraph of the appellant's answer.

The judgment below, against the appellant, is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

T. T. Hord and W. W. Burton, for appellant.

Herod & Winter, for appellee.