No. 8389.

BUTTERFIELD v. DAVENPORT.

PROMISSORY NOTES.—*Negotiability.*—A promissory note "payable at the bank *at* G.," but not at any specified bank, is not negotiable as an inland bill of exchange, under section 5506, R. S. 1881, and an assignee takes it subject to all defences.

SAME.—*Duress.*—*Threats.*—*Fear.*—*Signature.*—*Answer.*—That the payee, conspiring with others to defraud, by threats, which put the maker in fear to an extent which constrained him, thereby obtained his signature to a note, is a good answer to a suit on the note.

SUPREME COURT.—*New Trial.*—*Instructions.*—*Transcript.*—A motion for a new trial which purports to copy an instruction, the giving of which is assigned as cause for the motion, does not bring the instruction into

the record, and where no one of those properly in the record is identical with the one so copied, no question upon any of the instructions given is presented to the Supreme Court.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*J. D. Osborn* and *E. G. Herr*, for appellee.

NIBLACK, J.—Complaint by James H. Butterfield, assignee of H. Hobbs, against Noah Davenport, upon a promissory note, as follows:

" $137.95.  CONCORD, June the 5th, 1878.

" Six months after date, I promise to pay to H. Hobbs or order one hundred and thirty-seven and $\frac{95}{100}$ dollars, value received, without any relief from valuation and appraisement laws, with interest, at the rate of ten per cent. after date, and attorney's fees, payable at the Bank at Goshen.

" NOAH DAVENPORT."

Endorsed : " H. HOBBS."

The complaint averred that the note was endorsed to the plaintiff before maturity.

The action was commenced in a court of Elkhart county, known as The Court of the City of Elkhart, and was, after judgment in that court, taken by appeal to the Circuit Court.

In the latter court the defendant answered in two paragraphs:

1. That the note was executed without consideration.

2. That the execution of the note was obtained by the fraud, deceit, misrepresentations and duress of Hobbs, the payee.

Demurrers were overruled to both paragraphs of the answer, and a trial resulted in a verdict for the defendant. A new trial being first denied, judgment for the defendant was rendered upon the verdict.

It was first claimed that the court erred in overruling the demurrer to the first paragraph of the answer, upon the ground that as the note was payable at a bank, presumably in this State, it was negotiable under the law merchant, as

an inland bill of exchange, and that, having been assigned before maturity, its consideration could not be attacked in a suit upon it by the assignee.

As will be observed, the note set out in the complaint was not, on its face, payable at any particular bank. It consequently did not, as to its negotiability, stand on the same footing with an inland bill of exchange. *Porter* v. *Holloway,* 43 Ind. 35; *Porter* v. *Daugherty,* 43 Ind. 37; *Holloway* v. *Porter,* 46 Ind. 62; *Crossan* v. *May,* 68 Ind. 242.

It is next claimed that the court erred in overruling the demurrer to the second paragraph of the answer, upon the ground that the evident purpose of the paragraph was to make out a case of duress on the part of the payee of the note, and that the facts set up by it were insufficient to make out such a case.

The various transactions alleged in the paragraph referred to, and the facts relied upon by it as a defence, made it a somewhat anomalous pleading, and we find some difficulty in classifying the defence which it tended most to make out, but we are inclined to think, and accordingly construe the paragraph to mean, that the facts charged constituted a conspiracy to defraud the defendant, which was finally accomplished by threats and putting him in fear to an extent amounting to constraint, and to consequent duress.

In the third place, it is claimed that the court erred in refusing to grant a new trial:

*First.* Because the verdict was not sustained by the evidence.

*Second.* Because certain erroneous instructions were given to the jury.

Technically considered, it can not be said that the evidence made out either a strong or well defined defence of duress, but it did develop a persistent, aggressive and indefensible line of conduct on the part of the payee of the note, in conjunction with others, which tended to establish undue constraint upon the defendant in connection with his execution

of the note, from which duress might have been inferred by the jury.

It may be stated in brief that there was evidence tending to show that the payee of the note, assisted by several other persons, had erected and placed a lightning rod upon the defendant's barn, without his consent and against his protest, and that the note in suit was executed by the defendant, ostensibly for the work done on the barn, but really as a means of preventing the same men from in like manner putting a lightning rod on his house, and of getting them to leave his premises, and, consequently, without any sufficient consideration.

Upon a full consideration of the whole cause, we do not feel authorized to reverse the judgment upon the evidence.

In his motion for a new trial, the plaintiff set out in full what purported to be an instruction given by the court to the jury over his exception, but made no reference to any other instruction as having been erroneously given.

The bill of exceptions contains what is assumed to have been all the instructions given to the jury. We find no instruction in the bill of exceptions identical with the one set out in the motion for a new trial.

There is one instruction in the bill of exceptions which is in many respects similar to the one contained in the motion for a new trial, but there are substantial differences between the two instructions.

Under these circumstances, there is no question before us on any of the instructions given at the trial.

It is not sufficient to set out an instruction in a motion for a new trial. The fact that such an instruction was given must be otherwise authenticated by the record. *Burnett* v. *Overton,* 67 Ind. 557 ; *Morrison* v. *Collier,* 79 Ind. 417.

The judgment is affirmed, with costs.

Woods, C. J., was absent when this cause was considered.