Filed Nov. 7, 1883.

———◆———

No. 10,136.

CITIZENS STATE BANK OF NEWCASTLE *v.* ADAMS.

PROMISSORY NOTE.—*Indorsement.*—*Assignor and Assignee.*—*Forgery.*—*Notice.* —A forged assignment of a promissory note by the payee gives no right to a subsequent assignee as against the payee, though he be a *bona fide* holder for value.

PLEADING.—*Evidence.*—*Insolvency.*—*Decree.*—*Vendor's Lien.*—A vendor's lien may be established without averment or proof of the vendee's insolvency, but the decree can only be for the sale of the land after exhausting other property of the vendee.

Citizens State Bank of Newcastle *v.* Adams.

SAME.—*Cross Complaint.*—*Mortgage.*—*Judgment.*—*Witness.*—*Evidence.*—*Promissory Note.*—Suit on a note and mortgage against the maker and several endorsers, including the payee, judgment by default and foreclosure against all, but the payee, having afterwards got the default set aside, pleaded that she had sold the land to the maker, taking for the purchase-money other notes without security, and that the note and mortgage sued on were never executed to her, and that her assignment was a forgery. She also filed a cross complaint averring the same facts, that the notes taken by her for purchase-money were unpaid, that the maker was insolvent and had no property save the land, and praying that a vendor's lien be declared in her favor, having priority over the plaintiff's judgment; copies of the notes taken were not filed, and the original plaintiff only was made defendant.

*Held,* that the answer was good on demurrer.

*Held,* also, that the cross complaint was good against a demurrer for want of sufficient facts.

*Held,* also, that the defendant was a competent witness for herself.

*Held,* also, that the notes described in the cross complaint were proper evidence for the defendant.

SUPREME COURT.—*Amendments.*—*Discretion.*—The refusal of the court to permit amendment of pleadings after issues have been formed will not be reviewed by the Supreme Court, save when it appears that there has been an abuse of discretion.

EVIDENCE.—*Judge's Notes.*—The judge's notes of evidence are not ordinarily admissible as evidence in the trial of another issue.

SAME.—*Harmless Error.*—The admission of improper evidence which tends only to prove a fact which is fully established by all the other evidence, is a harmless error.

From the Henry Circuit Court.

*M. E. Forkner, J. M. Morris* and *C. H. Burchenal,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

BICKNELL, C. C.—This was a suit upon a note and mortgage made by Ira B. Adams to Lydia Adams, which, it was alleged, after several assignments, became the property of the appellant, who brought the suit against the maker and the alleged assignors.

The appellant obtained a judgment by default against all the defendants.

The appellee filed a complaint praying that the judgment

and the sale thereon made be set aside, and that she be permitted to appear and defend. A demurrer to this complaint having been sustained, an appeal from the judgment thereon was taken to this court, where the complaint was held sufficient, the judgment upon the demurrer. was reversed, and the cause remanded for further proceedings, the result being that the default and judgment in the original suit were set aside as to the appellee. The appellant moved for a new trial of the question as to setting aside the default. This motion was overruled, and the appellee then answered the original complaint and filed a duly verified cross complaint.

Her answer was in two paragraphs, to wit: 1st. The general denial. 2d. That on May 1st, 1875, she sold the land described in the mortgage to Ira B. Adams for $4,000, secured by his two notes for $2,000 each, which she still holds, and which are due and unpaid; that on May 4th, 1875, said Ira B. Adams made the note and mortgage described in the appellant's complaint, but never delivered either of them to her; that she never knew of their existence until after the commencement of this suit; that she never endorsed the same, nor authorized any one to do so.

The cross complaint states in substance the same facts, and that Ira B. Adams is insolvent, and has no property subject to execution except said mortgaged land, and prays that the amount due the appellee be declared a lien upon said land, superior to the lien of said mortgage, and that upon a sale she be first paid out of the proceeds.

Demurrers to the second paragraph of said answer and to said cross complaint were overruled.

The appellant replied in denial and answered the cross complaint by a denial.

The issues were submitted to the court for trial, and, without objection, the following questions of fact were submitted to a jury for the information of the court, to wit:

1. Were the note and mortgage in controversy made by Ira B. Adams to Lydia Adams with her knowledge or consent?

2. Were the note and mortgage, or either of them, made by Ira B. Adams to Lydia Adams with her knowledge or consent?

3. Did Lydia Adams have any knowledge of the existence of the said note and mortgage or either of them?

4. Were the said note and mortgage, or either of them, delivered to Lydia Adams, or any other person by her authority?

5. Did Lydia Adams endorse said note by making her mark where her name is written on the back of said note?

6. Did Lydia Adams endorse said mortgage by making her mark where her name is written on the back of said mortgage?

To each of these questions the jury answered " No."

The court found for said Lydia Adams upon the complaint and cross complaint, in the sum of $6,548, and rendered a judgment that she had a vendor's lien therefor on the said land, superior to any lien of the appellant, and that said land be sold to pay said lien of said Lydia Adams, after first exhausting the personal property of said Ira B. Adams, if any there be, etc.

The appellant moved for a new trial; this motion was overruled, and the present appeal was taken.

The following are the errors assigned:

1. The court erred in finding for and rendering judgment in favor of Lydia Adams upon the complaint and motion to set aside the default taken against her in said cause.

2. The court erred in overruling the appellant's motion for a new trial of the issue formed upon said complaint to set aside said default.

3. The court erred in rendering judgment upon its finding on said issue.

4. Error in overruling the appellant's demurrer to the second paragraph of the appellee's answer to the original complaint.

5. The court erred in overruling the appellant's demurrer to the appellee's cross complaint.

6. The cross complaint does not state facts sufficient to constitute a cause of action.

7. The court erred in overruling the plaintiff's motion for a new trial.

The first and third of these alleged errors present no question for consideration. *Smith* v. *Ryan*, 83 Ind. 152; *Blizzard* v. *Riley*, 83 Ind. 300.

As to the second alleged error, the reasons assigned for a new trial of the issue joined upon the complaint to set aside the default are, that the finding thereon was not sustained by sufficient evidence, is contrary to the evidence, and is contrary to law.

When this case was here before, the complaint to set aside the default was held to be sufficient. *Adams* v. *Citizens State Bank*, 70 Ind. 89. Therefore, the only question arising upon this motion for a new trial is, was there evidence tending to sustain the allegations of the complaint to set aside the default?

The substance of the complaint is thus stated by WORDEN, J., in giving the opinion of the court in the case last above cited: "The plaintiff was an elderly woman, 67 years of age, and it may be assumed that she had but little knowledge of the world or its ways and business, as she could neither read nor write. She did not understand the summons, when it was read to her, or know what it meant, but she thought and understood that the suit was to be at the court-house at Indianapolis, and she was led to believe it was a matter in which she had no interest. Common justice," says the judge, "requires that the plaintiff, under the facts stated in the complaint, should be relieved of the default and judgment against her." We think the finding of the court was right, and that there was no error in overruling the motion for a new trial of the issue now under consideration.

As to the fourth alleged error, this court in its former opinion, already referred to, said: "It is abundantly clear that the defendant could acquire no title to the note and mortgage as against the plaintiff, by means of the forged endorse-

ments, nor could it thus acquire any right as against the plaintiff to enforce the mortgage against the land, and thereby interfere with the lien of the plaintiff as a vendor. As to rights of parties to forged paper, see Edwards Bills, 190; *Allen* v. *Sharpe,* 37 Ind. 67; *Huston* v. *Roosa,* 43 Ind. 517; *Huston* v. *Schindler,* 46 Ind. 38."

The appellant, in its complaint, claimed title under the forged endorsements; the forged endorsements passed no right as against the appellee, even to a *bona fide* holder for value. *Esdaile* v. *LaNauze,* 1 Younge & Collier, 394; *Johnson* v. *Windle,* 3 Scott, 608. There was no error in overruling the demurrer to the second paragraph of the appellee's answer.

The fifth and sixth errors question the sufficiency of the cross complaint.

The appellant, in its brief, claims that the cross complaint was insufficient, because Ira B. Adams was not made a party to it. There was no demurrer for defect of parties. Defect of parties may be tested either by demurrer or by answer. Failing to take advantage of it in either way was a waiver of such defect, if any. *Womack* v. *McAhren,* 9 Ind. 6; *Collins* v. *Nave,* 9 Ind. 209; *Johnson* v. *Britton,* 23 Ind. 105; *Wright* v. *Jordan,* 71 Ind. 1.

The principal objection urged against the cross complaint is, that it contains "no averment that the appellant, at or before the time of receiving the mortgage in suit, had notice that the appellee's purchase-money was unpaid, or that appellant was not a *bona fide* holder for value."

This objection is sufficiently answered by what has been said in reference to the fourth alleged error; the appellant, claiming title under a forged endorsement of the note and mortgage, was not a *bona fide* holder as against the appellee whose name was forged.

It is also objected to the cross complaint, that although it states that copies of the notes, taken by appellee on account of the purchase-money of the land, are annexed thereto, yet in fact no copies were so annexed.

The omission to file such copies of written instruments which are the cause of action, is good ground of demurrer for insufficiency, and the mere statement that such copies are filed is not enough.    Ohio, etc., R. R. Co. v. Nickless, 71 Ind. 271; Cook v. Hopkins, 66 Ind. 208.    But in this case the cross complaint was seeking to enforce a vendor's lien, and it was not necessary to file copies of the notes.

There was no error in overruling the demurrer to the cross complaint.

As to the seventh alleged error, there were thirteen reasons given for a new trial, to wit:

1. That the court erred in setting aside the default of the appellee.

2. That the court erred in refusing to permit the appellant to amend its demurrer to the cross complaint, by adding, as an additional ground of demurrer, that there was a defect of parties defendants.

The third, fourth and fifth reasons are not alluded to in the appellant's brief, and are regarded as waived.

6. The court erred in excluding from the jury the appellee's testimony, as written down by the judge of the court at the hearing of the appellee's complaint to set aside the default.

7. The court erred in permitting the appellee to testify as a witness in her own behalf.

8. The court erred in refusing to strike out and withdraw from the jury a part of the testimony of Henry Adams.

The ninth and tenth reasons are not discussed in the appellant's brief, and are regarded as waived.

11. The court erred in admitting in evidence, over appellant's objection, two promissory notes, dated May 1st, 1875, purporting to be signed by I. B. Adams, and alleged to have been given to appellee by said Ira B. Adams for the purchase-money of the real estate in controversy.

12 and 13. That the finding of the court is not sustained by sufficient evidence and is contrary to law.

Citizens State Bank of Newcastle *v.* Adams.

As to the first of these reasons, we have already seen that the default was rightly set aside.

As to the second reason, the bill of exceptions shows that, after a reply in denial of the second paragraph of the answer, and after an answer in denial of the cross complaint, whereby the issues were joined, but before the jury was sworn, the appellant moved the court for leave to amend its demurrer to the appellee's cross complaint, by inserting as an additional ground of demurrer, that there was a defect of parties defendants, in that said cross complaint did not make Ira B. Adams, or the heirs or representatives of Ira B. Adams, deceased, parties defendants. The overruling of this motion is complained of.

In *Chapin* v. *Board, etc.*, 21 Ind. 12, this court held it was not error, after one demurrer had been overruled, to refuse to permit another demurrer to be filed to the same complaint. The court said: "Whether in any instance, a court has the discretionary power to permit a second issue of law to be made on the same pleading or not, a case is certainly not shown where such discretion, if it exists, has been abused." So, in *Thornton* v. *Williams*, 14 Ind. 518, it was held that where the defendant, after a new trial granted, asked leave to demur to a reply, this was matter in the discretion of the court. In *Voltz* v. *Newbert*, 17 Ind. 187, it was held that amendments, after issue joined, are within the discretion of the court, and that this court will not interfere unless it appears that the discretion has been abused. In *Burr* v. *Mendenhall*, 49 Ind. 496, this court held that where an application is made for leave to amend, after issue joined, and is overruled, this court will, in the absence of a showing that there has been an abuse of discretion, presume that the action of the court was correct. There was no such showing here.

As to the sixth reason for a new trial, there was no error in refusing to permit the appellant to read to the jury the defendant's testimony, as written down by the judge, at the hearing of the complaint to set aside the default.

As to the seventh reason for a new trial, there was no error in permitting the appellee to testify as a witness in her own behalf.

As to the eighth reason, there was no available error in refusing to strike out the statement of Henry Adams, that his mother told him the two notes offered in evidence were the notes given by Ira B. Adams for the land in controversy, because without that statement the notes were fully identified by the other evidence.

As to the eleventh reason for a new trial, there was no error in admitting in evidence the two notes given by Ira B. Adams for the land in controversy.

As to the twelfth and thirteenth reasons for a new trial, we think the finding was sustained by the evidence and was not contrary to law. It has been often held that a vendor does not waive his lien for the purchase-money of land, by taking the vendee's note therefor without security. He does not waive his lien even by obtaining judgment upon such a note. *Aldridge* v. *Dunn,* 7 Blackf. 249 (41 Am. Dec. 224) ; *Crowfoot* v. *Zink,* 30 Ind. 446.

The appellant's brief says : "In a proceeding to enforce a vendor's lien the complaint must not only allege, but the evidence on the trial must establish that the vendee has no other property subject to execution." As authority for this, *McCauley* v. *Holtz,* 62 Ind. 205, is cited; but that case does not sustain the proposition. It decides that without such averment and proof there can be no decree to sell the property *in the first instance.* Without such averment and proof the judgment will be for the amount due, and that the land is subject to execution to satisfy it in the event that other property of the defendant subject to execution can not be found.

In the case at bar the land was not ordered to be sold in the first instance ; the judgment directed the sale of the land after exhausting the other property of said Ira B. Adams, subject to execution. This was in accordance with the authorities. *Scott* v. *Crawford,* 12 Ind. 410 ; *Bowen* v. *Fisher,* 14 Ind. 104 ;

*Stevens* v. *Hurt*, 17 Ind. 141; *Evans* v. *Feeny*, 81 Ind. 532. In this respect there was no failure of necessary evidence. There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.

Filed June 8, 1883. Petition for a rehearing overruled Nov. 7, 1883.