Hardy *et al. v.* Brier.

No. 10,750.

HARDY ET AL. *v.* BRIER.

| 91 | 91 |
| 146 | 632 |
| 91 | 91 |
| f166 | 329 |
| 91 | 91' |
| 170 | 507 |

FRAUD.—*Pleading.—Intention.*—The use of epithets in a pleading is not sufficient to show fraud, but the facts constituting the fraud must be distinctly averred. An intention to deceive must appear, and that in reliance upon the facts, with use of ordinary care, they were acted upon in good faith and the deception accomplished, to the prejudice of the other party.

PROMISSORY NOTE.— *Cancellation.—Forged Instrument.—Equity Jurisdiction. —Fraud.— Want of Consideration.—Negligence.*—A court of equity has jurisdiction to compel the cancellation of a forged instrument. So, also, of a promissory note procured by fraud; but not where the maker has been led to execute it by his own inexcusable negligence or folly, nor where it is merely without consideration.

SAME.—*Law Merchant.—Banks.*—A note payable at the bank at A. in this State, though there be only one bank there, it being a bank of discount and deposit, is not by our statute negotiable according to the law merchant.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman,* for appellants.

*M. Milford* and *J. E. Schoonover,* for appellee.

HAMMOND, J.—Complaint in two paragraphs by the appellee against the appellants, to procure the cancellation of a promissory note, purporting to have been executed by the appellee to Patrick Hews, and assigned by endorsement to the appellants.

The note, copied in each paragraph of the complaint, is as follows:

" $130. FOUNTAIN COUNTY, IND., Jan. 21st, 1883.

" Eight months after date I promise to pay to the order of Patrick Hews, one hundred and thirty dollars, negotiable and payable at the bank at Attica, Indiana; value received, with use and attorney's fees, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment and notice of protest and non-payment of this note.

(Signed) " SAMUEL BRIER."

Endorsed: " PATRICK HEWS."

The first paragraph of the complaint charges that the note was forged by Hews, or some other person who is unknown to the appellee. The second alleges that Hews procured the execution of the note by the appellee by fraud. The appellants' demurrer, filed separately to each, was overruled as to both paragraphs. They then answered by the general denial to the first, and by a special plea to the second paragraph.

The special answer averred, substantially, that there was only one bank in Attica, Indiana; that it was a bank of discount and deposit; and that said bank was the one at which the note in suit was made payable. It further alleged that the appellants, without notice of any infirmity in the note, purchased it, paying its full value, before its maturity. The appellee's demurrer was sustained to this answer.

The appellants declining to answer further, there was a decree upon the second paragraph of the complaint, cancelling the note and declaring it null and void. The several rulings of the court on the pleadings above mentioned were excepted to by the appellants, and are assigned as errors in this court.

The first paragraph of the complaint is, in all substantial respects, the same as the complaints which were held sufficient in *Huston* v. *Roosa*, 43 Ind. 517, and *Huston* v. *Schindler*, 46 Ind. 38.

The appellants' counsel, in an able brief, insist that the law, as announced in those cases, should be reconsidered. It was held in those cases that one whose name has been forged to a negotiable instrument may maintain an action against an endorsee of such instrument to compel its surrender or a release therefrom. The right of the court in such case to grant relief was based upon its equitable jurisdiction. It is now urged that such jurisdiction does not exist, as the party may at law defeat such instrument when sued upon, and that such defence may be prepared for, whether suit be brought in his lifetime or thereafter against his personal representatives, under the statutory provisions for taking and perpetuating testimony. It is true that equitable jurisdiction is not as-

sumed by the courts where a plain, adequate and complete remedy exists at law, but in the absence of such legal remedy equitable relief may be invoked. 1 Story Eq., section 33. The right to cancel forged instruments has been fully recognized as belonging to the jurisdiction of the courts of chancery. 1 Story Eq., sections 700 and 701. This right we do not think is superseded or abridged by the statute for taking and preserving evidence for future use. The mere right of a defence at law, when it may suit the pleasure of the holder of a forged note to bring suit, can not be considered as an adequate remedy. The difficulty of anticipating and meeting in advance fabricated evidence that the forger of a note would not likely hesitate to resort to, in order to sustain its pretended validity, at once suggests the incompleteness and unsatisfactory character of an attempt to ultimately defeat such note by preserving evidence for that purpose under the statute.

Mr. Justice Story, in section 700, *supra,* says: "If an instrument ought not to be used or enforced, it is against conscience for the party holding it to retain it; since he can only retain it for some sinister purpose." And in *Hamilton* v. *Cummings,* 1 Johns. Ch. 517, where the jurisdiction of a court of equity in a case like this is clearly established, Chancellor KENT observes that "It is immoral for a person to retain a bond which is useless to him, and an annoyance to others." The enjoyment of a man's possession ought not to be poisoned nor his credit impaired by the probability, or even possibility, that at some future period the payment of a forged note may, under the forms of law, be enforced against his estate. Remedial justice is active rather than passive. It may be doubtful whether the remedy is adequate in any case which can not be used until the wrong-doer, or one claiming under him, sees proper to put the machinery of the law in motion to enforce his pretended right.

We think that the decisions in *Huston* v. *Roosa* and *Huston* v. *Schindler, supra,* rest upon solid principles of justice and equity, and are abundantly supported by authority. We ad-

here to the law as therein announced, and must, therefore, hold that the first paragraph of appellee's complaint is good, and that the demurrer thereto was properly overruled.

The second paragraph of the complaint, as already stated, sought the cancellation of the note on the ground that it was procured by the fraud of Hews. We think, on the authority of *Porter* v. *Holloway*, 43 Ind. 35; *Porter* v. *Daugherty*, 43 Ind. 37; *Holloway* v. *Porter*, 46 Ind. 62; *Crossan* v. *May*, 68 Ind. 242; *Rominger* v. *Keyes*, 73 Ind. 375; and *Butterfield* v. *Davenport*, 84 Ind. 590, that the note in controversy was not negotiable as an inland bill of exchange, and that the special paragraph of the appellants' answer, alleging facts not apparent on the face of the note, was insufficient. The note is to be regarded as not governed by the law merchant, and as subject to the same defences, and to the same proceedings for its cancellation, as if it were still held by the payee. Thus viewing it, are the averments of fraud in the second paragragh of the complaint sufficient to entitle the appellee to the relief asked? The allegations upon this point are as follows:

"That heretofore, to wit: On the 21st day of January, 1882, at said county of Fountain, one Patrick Hews, fraudulently intending to cheat and defraud the plaintiff, falsely represented that he, said Hews, was the agent for a large mercantile house, located in Chicago, Illinois, for which he was taking orders for merchandise, thereby inducing plaintiff to sign his name to what said Hews falsely represented to be a small order for goods, but which was, in truth and fact, a promissory note for the sum of $130, of which by the said signing the plaintiff became the maker." It is further alleged, "that at the time of signing said note, as aforesaid, he (the appellee) owed said Hews nothing whatever, and had never promised to give him such note, or any note, and had never talked to him on the subject of giving him a note, and that the execution of the said note was wholly without any consideration whatever."

A transaction is not to be regarded as fraudulent simply

because it is so designated. In pleading fraud the facts constituting the fraud must be specifically set forth. Epithet will not answer the place of fact. Representations and statements must not only be false, but must be material and made with reference to existing facts. The party making them must intend to deceive, and the person to whom they are made, using ordinary care to ascertain their truth, must reasonably believe them to be true, and, acting upon them in good faith, be thereby deceived to his prejudice. These principles are familiar, and, applying them to the case at bar, we are compelled to declare against the sufficiency of the second paragraph of appellee's complaint. The averments do not show that the representation made by Hews, that he " was the agent for a large mercantile house, located in Chicago," was material. There is no charge that the appellee did not know its falsity as well as Hews. It is not shown how such representations, if he believed it, had the effect to cause him to sign the note. It does not appear that any cunning contrivance, or dexterous or ingenious procedure was resorted to, to induce the appellee to sign the note on the supposition that he was merely signing " a small order for goods." We may possibly infer that Hews told him it was a small order for goods, but no fact is given which could have authorized the appellee to believe a statement so manifestly untrue. It is not stated that he could not see, or that he could not read, nor that the instrument was incorrectly read to him under circumstances which gave him the right to rely upon it as read. Equity can not relieve parties from consequences into which they have been led by their own inexcusable negligence or folly. To entitle one to have an instrument surrendered on the ground of fraud in its procurement, the fraud must be definitely alleged and clearly proved as alleged. Story Eq., section 694 a. The averment that the note was given without any consideration whatever does not make the complaint good. Of course, this would be a sufficient defence in an action upon the note for its collection. But to authorize equit-

able relief, by the cancellation of a written instrument, some element of fraud, excusable accident, or mistake, must have entered into the transaction, whereby its execution was induced. A man may not, in the absence of fraud or mistake, voluntarily execute a promissory note without consideration, and then ask a court of equity to cancel the note.

The court erred in overruling appellants' demurrer to the second paragraph of the complaint.

. Reversed and remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the complaint, and for further proceedings consistent with this opinion.

Filed November 1, 1883.