O'NEIL *v.* THE STATE.

CRIMINAL LAW.—*Larceny.*—*Evidence.*—*Subsequent Conduct of Party Jointly Indicted.*—When A. was on trial separately, under a joint indictment against him and B., for larceny, it was error in the court to permit the State to prove the conduct of B., subsequent to the alleged commission of the larceny described in the indictment, at a different place, and while the defendant was not present.

APPEAL from the Marion Criminal Circuit Court.

PETTIT, J.—The appellant and one Cushman were jointly indicted for grand larceny in stealing a gold watch-chain of Bingham, of the value of fifty dollars. They chose to separate in their trials, and O'Neil was put on his trial before a jury. He was convicted, sentenced to the State's prison for four years, and to pay a fine of fifty dollars and the costs. A motion for a new trial was made and overruled, and this ruling is the only assignment of error. The only ground, on which the appellant asks a reversal of the judgment is, as he alleges, for the admission of incompetent and illegal testimony over his objection. The State had proved on the

trial that O'Neil and Cushman, indicted with him, on the 25th day of April, 1873, went into the jewelry store of Bingham, the owner of the stolen watch-chain, and asked to look at some watch-chains, which were shown them by a clerk in the house; that the watch-chains were in a tray or box, sitting on the counter, and while they were looking at them the appellant (to use the language of his brief), "by some kind of manipulation got a gold watch-chain into his coat sleeve." While a controversy was going on in reference to a missing watch-chain, it was produced by the appellant; but the appellant and Cushman both indignantly denied any purpose of purloining it; they left the store, going north on Pennsylvania street in this city. Appellant, O'Neil, was arrested and in the station house; the witness, Walke, and chief of police, Thompson, went in search of Cushman. They went to a saloon. Thompson remained out of the house, but witness went in and saw Cushman at the counter or bar. This was proved by a witness named Walke. The State then asked the witness this question: "What did Cushman do when you saw him at the bar or counter of the saloon at the time you speak of?" This question was objected to by appellant, for the reasons, "that the question and the answer proposed to be elicited thereby were irrelevant and immaterial, and tended to prejudice the defence of the defendant; and for the further reason that the defendant was not present, and that the place was different from, and the time subsequent to, the commission of the alleged larceny."

The objection was overruled and exception taken, and the witness answered, "that when Cushman saw him, witness, in the saloon at the time mentioned, he started to run out the back way of the saloon, and had taken several paces when he was caught and put under arrest by chief Thompson, and was taken to the store to be identified as the man who was with the defendant."

One of the reasons filed for a new trial was, "that the court erred in permitting the State to prove the conduct of

O'Neil *v.* The State.

James Cushman, jointly indicted with the defendant, after and subsequent to the commission of the alleged offence and larceny described in the indictment, when the defendant was not present." O'Neil alone was on trial, and the action of Cushman at his arrest was after the larceny (if any had been committed), and when O'Neil was not present, but was confined in jail.

We cannot see the legality of this evidence to convict O'Neil, but we can see how it might prejudice his cause, by showing that the man with whom he was seen in the store, on being approached and discovered by a clerk in the store of Bingham and a police officer, feeling the sting of guilt on himself, attempted to escape, and thereby created the impression that O'Neil was guilty, because he had been seen in a store with a man who shunned and tried to avoid detection and arrest. We hold that the admission of this evidence was an error for which the judgment must be reversed.

This ruling is fully sustained and justified by 1 Greenl. Ev., secs. 110, 111; Whart. Crim. Law, secs. 703, 705; *Galloway* v. *The State*, 29 Ind. 442; 2 Bishop Crim. Proced., sec. 191. There were other causes for a new trial, but they either have no existence in fact, or are so imperfectly stated that we cannot consider them.

The judgment is reversed, with instructions to the court below to grant the motion for a new trial; and the clerk of this court is directed to issue the proper order for the return of the prisoner.

*W. W. Leathers*, for appellant.

*R. P. Parker* and *J. C. Denny*, Attorney General, for the State.