No. 7148.

HAZZARD v. VICKERY ET AL.

EVIDENCE.—*Experts.*—*Comparison of Handwriting.*—Evidence to prove the signature to papers, with a view to comparison by experts with the signature in dispute, is not admissible.   The comparison by experts is confined to papers in the case which the party is estopped to deny, and such others as he admits to be genuine.

SAME.—*Witness.*—*Deposition.*—Where a witness, testifying by deposition, states that he has seen the note sued on, and has a copy of it, which he produces and makes a part of his deposition, his name appearing as attesting witness, he sufficiently identifies the note in suit, that he may say whether or not the alleged maker executed it, to his knowledge.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy* and *M. E. Forkner,* for appellant.

*T. B. Redding,* for appellees.

FRANKLIN, C.—Appellant sued appellees on a promissory note.

Vickery filed, among other paragraphs of answer, *non est factum,* and want of consideration.

Hazzard *v.* Vickery *et al.*

There are no errors assigned in this court as to Webster, and his pleading need not be noticed.

Trial by jury; verdict in favor of appellant against Webster, and in favor of Vickery against appellant. Motion by appellant for a new trial overruled, exception reserved, and judgment rendered on the verdict.

The errors assigned here are, the overruling of the motion for a new trial, and the overruling of a demurrer to the 4th paragraph of Vickery's answer.

The second error assigned is not mentioned or referred to by the counsel on either side in their briefs, and is therefore considered as waived. And the same may be said of the first reason for new trial, which was, that the verdict was not supported by the evidence and was contrary to the law.

The second reason assigned for a new trial is irregularity in the proceedings of the court. In which are included the following specifications:

"1st. The court erred in refusing to allow the plaintiff to prove by the defendant David L. Vickery, that the exhibits 'A,' 'B,' and ' C,' and the plea of *non est factum* referred to in said witness's evidence on said trial, were the same papers present at the taking of the depositions of David L. Vickery, Justinian H. Hull and others, on the 22d day of February, 1878, at the office of Dye & Harris, in the city of Indianapolis, and that they were examined by the witnesses whose testimony was taken, and are the identical papers referred to in their depositions; and cross-examined the witnesses and gave his own testimony acknowledging them to be genuine.

" 2d. The court erred in refusing to allow the plaintiff to prove by the defendant Vickery that he signed his name to his said deposition on file in said cause.

" 3d. The court erred in ruling out and refusing to allow the plaintiff to read in evidence in said cause the depositions of David L. Vickery, James L. Slaughter, Justinian H. Hull, and John G. Kennedy.

"4th. The court erred in permitting the defendants to read

in evidence the deposition of Calvin R. Scott over the objection of the plaintiff.

"5th. The court erred in refusing to allow the plaintiff to prove that the character of Edmund A. Webster was bad two years before the trial."

The question arising upon the first and second specifications is the same, and they may be considered together, and that is, what papers can be used by experts in comparison with the disputed signature?

It is the settled practice in this State that some papers can be used for that purpose, and the rule has been adopted, that they are such as properly belong in the case, and which the party is therefore estopped from denying, and those that are admitted to be genuine. But that no collateral issue will be permitted to be raised, by attempting to prove the genuineness of any paper for the purpose of using for comparison alone. 1 Greenl. Evidence, sec. 581; *Chance* v. *The Indianapolis, etc., G. R. Co.,* 32 Ind. 472; *Burdick* v. *Hunt,* 43 Ind. 381, p. 387; *Huston* v. *Schindler,* 46 Ind. 38, p. 43; *Forgey* v. *The First National Bank, etc.,* 66 Ind. 123.

Under this rule, before papers other than those legitimately in the case can be used by experts in comparison with a disputed signature in the case, they must be admitted to be genuine, and over an objection they can not be proven to be genuine by the testimony of the party objecting or any other person. While the authorities are conflicting upon this question, and some of the courts of other States, where the doctrine of proof by comparison prevails, have extended the rule so as to hear proof of the genuineness of the other papers offered for comparison by experts, this court thinks it best to still adhere to the limitation established by its former decisions. And under that the court below did not err in refusing to require the defendant under oath to answer as to the genuineness of the papers used by the experts in comparison with the disputed signature, as set forth in their depositions. The papers used by the experts for such comparison in their depositions,

not being admitted as genuine, and a part of them being papers not belonging to the suit, the court committed no error in excluding the depositions, as complained of in the third specification.

The fourth alleged irregularity was admitting in evidence, on the part of appellee, the deposition of Calvin R. Scott.

His name appears as the attesting witness to the note in suit. The note was for $700. He testified that he knew Hazzard, and was slightly acquainted with Vickery, but did not know Webster. That in the November before, he had examined the note in suit, a copy of which is made a part of his deposition, marked "Exhibit A." It was exhibited to him by George Hazzard (the plaintiff) in Chicago, Illinois. He did not remember of ever having seen it before; did not remember of ever having signed that note; he did not attest a note at David L. Vickery's residence for $125, in March, 1876; never signed any other note in the presence of Vickery; could not say whether he did or not at his request; had examined his signature to the note in suit, and could say it looked very much like his signature, but was not prepared to say whether it was or not. He signed a note, it was his impression, in May, 1876, for Hazzard, as attesting witness, but did not sign it with the impression that it was a Vickery note; never saw David L. Vickery sign his name to but one note, and that was the $125 note referred to above, and never saw Edmund A. Webster sign his name to any note. He generally wrote his signature without taking the pen off of the paper, and noticed the general appearance of the signature looked like his. He never attested any note for George Hazzard for $700, or any other amount, to which the name of David L. Vickery was signed. If he signed the note, he was at the Citizens' State Bank of New Castle, Indiana, in the presence of George Hazzard, at his request or suggestion, and did not at the time understand that it was a note on David L. Vickery; does not recollect that David L. Vickery ever said anything to him about any note to George Hazzard.

The above is substantially the answers in the deposition, omitting the questions.

The objections to this deposition are, that the testimony was irrelevant and immaterial, and that the witness testified from a copy of the note instead of the original.

The deposition does not show whether the original note was present when the deposition was taken. But the witness did not testify from a copy. The original was exhibited to him by appellant, some three months previous; he examined it and his signature thereto, and made a copy of it a part of his deposition.

We think it sufficiently identified the note, and that the evidence contained in the deposition was not irrelevant and immaterial; that these objections were not well taken, and that the court did not err in admitting the deposition in evidence.

The fifth and last specification was in relation to proving the bad character of Webster two years before the trial.

Counsel have not named or referred to this question in their briefs, and it may be considered as waived.

We see no available error in this record, and the judgment below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things, affirmed, at appellant's costs.