Shorb v. Kinzie.

No. 8969.

SHORB v. KINZIE.

· EVIDENCE.—*Witness.*— *Comparison of Handwriting.* — *New Trial.*— *Bill of Exceptions.*—A reason for a new trial, which stated that the court erred in permitting certain witnesses, naming them, to compare the disputed signatures with certain notes and mortgages not connected with the case, etc., and in allowing them to express an opinion from such comparison as to the genuineness of the disputed signatures, is sufficiently definite. Such " notes and mortgages " need not be embraced in a bill of exceptions, nor need the bill of exceptions contain all the evidence in order to present the question arising upon the ruling in allowing the comparison.

SAME.—*Experts.*—*Signature.*—*Promissory Note.*—Papers not connected with the case, and not read in evidence, can not be used for the purpose of comparing the signatures to them with the disputed signatures, unless the party against whom they are sought to be used admits them to be genuine; 'but an admission by the party who seeks to use them, though he himself executed them, will not authorize their use, and the testimony of expert witnesses based upon such comparison is not admissible.

SAME.—*Bill of Exceptions.*—*Supreme Court.*— Where the question can be determined without the entire evidence, it is not necessary that the bill of exceptions should contain all the evidence in the case.

From the Kosciusko Circuit Court.

*J. S. Collins, J. W. Adair, T. R. Marshall* and *W. F. Mc-Nagny,* for appellant.

*W. Olds* and *H. S. Biggs,* for appellee.

BEST, C.—This action was brought upon a note made by the appellant to the appellee. The former answered payment, alleging that at the time he paid the note the appellee represented to him it was lost, and executed to him a receipt against it, a copy of which receipt was filed with the answer. The appellee denied the payment and the execution of the receipt by a verified reply. The issues were tried by a jury, and a verdict returned for appellee. A motion for a new trial was overruled, and judgment rendered.

The appellant assigns as error the order of the court in overruling his motion for a new trial. This motion embraced many reasons, but only one question is discussed, and that is whether the court erred in allowing the appellee to place in

the hands of several expert witnesses, notes and mortgages purporting to have been signed by him, and which he claimed to be genuine, but which had not been read in evidence, were not papers in the cause, and were not admitted by the appellant to be genuine, for the purpose of enabling such expert witnesses to compare such signatures with the disputed signature, and in allowing them to testify, from such comparison, that the disputed signature was not genuine.

The appellee insists that the reasons embraced in the motion for a new trial are too general to present the question, and refers us to *Morrow* v. *The State*, 48 Ind. 432.   In that case it was properly held, that a statement in a motion for a new trial, that the court erred in the admission of improper evidence, was too loose and indefinite.   In this case, the statement is quite different.   The reason was that the court erred in permitting the witnesses, naming them, to make "comparisons between the receipt and various notes and mortgages not connected with the case, not admitted in evidence, and not admitted to be genuine;" and in permitting them to give their opinion, based upon such comparison, as "to the genuineness of the plaintiff's signature to the receipt in controversy."

This was sufficiently definite; indeed, it was quite explicit and full.   This objection can not, therefore, be sustained.

The appellee also insists, that as the notes and mortgages used by the expert witnesses in comparing the signatures thereto attached, with the disputed signature, are not embraced in the bill of exceptions, the question is not presented.   These instruments were not read in evidence, and it was not necessary to embody them in a bill of exceptions in order to present the question.

It is further insisted that the bill of exceptions does not show that all the evidence is in the record, and without it the question is not presented.  Where the question depends upon the evidence the record must contain it.  *Ward* v. *Bateman*, 34 Ind. 110 ; *Miles* v. *Buchanan*, 36 Ind. 490 ; *Miller* v. *Voss*, 40 Ind. 307.

But where the question does not depend upon the entire

evidence, as where the court admits improper evidence, the question can be determined without the entire evidence. *Wells* v. *Wells*, 71 Ind. 509 ; *Johnson* v. *Wiley*, 74 Ind. 233.

This disposes of all the objections to the consideration of the question discussed, and we are of opinion that it is fairly presented by the record.

In *Burdick* v. *Hunt*, 43 Ind. 381, it was held that expert witnesses offered to compare papers not in evidence and not admitted to be genuine, with the disputed signature, and to express an opinion founded upon such comparison, were properly excluded. This rule of law was re-asserted in *Huston* v. *Schindler*, 46 Ind. 38, and in *Hazzard* v. *Vickery*, 78 Ind. 64. It must, therefore, be regarded as settled in this State. In the above cases, however, the question arose somewhat differently. In each of the above cases, one party attempted to prove the genuineness of the opposite party's signature by comparing it with other signatures of such party ; while in this case the appellee attempted to prove the signature in question to be a forgery by comparing it with other signatures of himself. In either case the signatures sought to be used in comparison, if not to papers in the cause, nor in evidence, must be admitted to be genuine, and the question arises who shall make the admission. The appellee insists that if the maker of the papers admit the signatures to them to be genuine, this is an admission within the meaning of the rule. We think otherwise. The admission must be made by the party against whom the paper is sought to be used, whether he is or is not the maker of the paper. A claim, that a signature is genuine by a party who seeks to use it, is no admission at all.

The court erred in admitting the testimony of these witnesses, based upon such comparison, and for such error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial.