Dean v. The State.

Filed Jan. 16, 1892.

---

No. 16,285.

DEAN *v.* THE STATE.

CRIMINAL LAW.—*Subsequent Admissions of Accomplice.*—Declarations and admissions made by an accomplice, in the absence of the person on trial, long after the time when it is claimed that the crime for which such person is being tried was committed, are inadmissible.

SAME.—*Two Counts.—One for Larceny and One for Receiving Stolen Goods. —Declarations Improperly Received.—Error Cured by Verdict.*—But in such an instance, where the declarations relate to the receipt of the stolen goods, a verdict returned only on the count for larceny renders the error immaterial.

SAME.—*Erroneous but Inconsequential Evidence.*—Erroneous but vague and inconsequential evidence, that does not probably injure a defendant, will not work a reversal of a case.

SAME.—*Instructions Depriving Jury of Right to Pass on Credibility of Prosecuting Witness.*—An instruction that deprives a defendant of the right of the jury to consider, for what it is worth, evidence affecting the credibility of the prosecuting witness is erroneous.

SAME.—*Felonious Taking.—Instruction Failing to State that in Larceny the Taking Must be so.—Failure to Distinguish Between Presumptions of Law and Fact.*—An instruction reciting what is sufficient to constitute a larceny, but omitting to inform the jury that the taking must have been felo-

Dean v. The State.

nious in order to constitute the transaction a larceny, and also failing to distinguish between presumption of fact and law, is erroneous.

SAME.—*Defendant's Knowledge of Contents of Bundle Containing Money or of Felonious Taking.*—An instruction that if the defendant's wife took a bundle, containing money, alleged to have been stolen from a trunk in a room, and handed it out through a window to him and he took it, he would be guilty of larceny, is erroneous, for not also containing a statement that he must have known, in order to convict him, of the contents of the bundle, or that the money was taken with a felonious intent.

From the Sullivan Circuit Court.

*J. S. Bays,* for appellant.

*W. C. Hultz* and *J. T. Hays,* for appellee.

MILLER, J.—A prosecution was instituted against the appellant and his wife for larceny, and receiving stolen goods. The appellant was tried, separately, and convicted on the count in the information charging larceny.

During the trial the State introduced evidence, over the objections of the appellant, of declarations and admissions made by his wife, in his absence, long after the time when it was claimed the crime was committed.

This evidence was inadmissible for any purpose. *Reilley* v. *State,* 14 Ind. 217 ; *Garner* v. *Gordon,* 41 Ind. 92; *Dye* v. *State, ante,* p. 87 ; *O'Neil* v. *State,* 42 Ind. 346 ; *Kingen* v. *State,* 50 Ind. 557 ; *Card* v. *State,* 109 Ind. 415 ; Roscoe Crim. Ev., 53 ; 1 Greenl. Ev., section 111.

The court told the jury that such evidence could only be considered as applicable to the count charging the appellant with receiving stolen property ; and that they should not consider it, or give it any weight against him, on the charge of larceny. The defendant, having been convicted alone on the count charging larceny, could not have been injured by the admission of this evidence.

The prosecuting attorney testified as a witness, and during the course of his examination in explaining his official conduct testified that his attention was called to the matter by

a statement of an attorney employed in a civil suit growing out of the same transaction, to the effect that there was " crime there that ought to be investigated."

We are of the opinion that, while this evidence was not strictly admissible, it was so vague and inconsequential that it did not probably injure the appellant, and that it is not of sufficient importance to impose upon us the duty of reversing the judgment. *Henning* v. *State*, 106 Ind. 386 (400).

The prosecutor also stated that he delayed the institution of criminal proceedings against the appellant for a time on account of his desire not to interfere with civil suits then pending between the parties in relation to the transaction upon which the criminal proceedings were based. We see no error in the admission of this evidence. It does not assume that a crime had been committed.

Complaint is made that the court unduly limited the appellant in his cross-examination of some of the witnesses for the State.

An examination of the record discloses the fact that each of the witnesses was cross-examined at length, and, while we think that the court might have permitted some of the questions propounded to have been answered, we find no such abuse of the discretion, necessarily lodged in the trial court, as would justify us in disturbing the judgment.

There was evidence before the court and jury that the money which was the subject of the supposed larceny had been in the possession of the prosecuting witness, one John J. Martin, for several years. Martin had testified as a witness that he did not remember what he had told the assessor who had assessed him for certain years, nor did he remember what he had sworn to in his schedules as to the amount of money belonging to him. The appellant then gave in evidence his tax schedules for these years:

Upon this subject the court gave to the jury the following instruction :

" 14. The tax schedules of Mr. Martin were admitted in

evidence as touching the question of the ownership of the money. If the money belonged to John J. Martin, then the tax schedules are no longer material. And, if you find from the evidence that the money did belong to Mr. Martin, you are not to consider the tax schedules any further on that point. Whether or not Mr. Martin is guilty of a wrong in connection with the tax schedules is entirely foreign to the question of defendant's guilt or innocence. If the money was Mr. Martin's, and the defendant stole it, or received it knowing it to be stolen, it could be no possible defence to him that Mr. Martin may have omitted it from his tax schedules."

This instruction deprived the appellant of the right of having the jury take this evidence into consideration, for what it was worth, as affecting the credibility of the prosecuting witness, and was therefore erroneous.

The nineteenth instruction given by the court is as follows:

" If you find from the evidence that the defendant said, when speaking of this money, with reference to himself and Nan, his wife, that ' We got it;' that ' we got it the night Uncle Jackey Martin's wife lay a corpse;' that ' Uncle Jackey Martin had between three and four thousand dollars stolen the night his wife lay a corpse,' and in attempting to account for these statements, or any of them, the defendant said, with reference to how they got it, that ' Nan got the keys and unlocked the trunk and took out the comfort and handed it out through a window to me,' and if you also find that this money was kept in a comfort, and that the comfort was kept in a trunk and the trunk had keys,—then you have a right to make the following inquiries, and ascertain from the evidence, if you can, whether or not Uncle Jackey Martin's wife ever lay a corpse; whether or not he ever kept any money in a comfort; whether or not he kept the comfort in a trunk; whether or not he kept the trunk locked; where he kept the trunk; where he kept the keys

to that trunk, if any; what opportunities, if any, the defendant, or Nan Dean, had to know of Uncle Jackey Martin having any money; what opportunities they had of knowing whether or not he kept it in a comfort, and if so, where he kept the comfort, and if he kept the comfort in a trunk, where was the trunk the night Martin's wife lay a corpse; and whether John Dean and Nan Dean had opportunity of access to said trunk on that night, and whether or not they had, or either of them, had access to the keys of the trunk, and the length of time after such opportunity, if any, until such statements were made, and the probability of such statements having been made, unless they were true. And if you find from the evidence, beyond a reasonable doubt, that such statements were made and they were true, and that it occurred in Sullivan county, Indiana, within two years before the commencement of this action, your plain duty is to find the defendant guilty."

This instruction does not contain a concise statement of the law applicable to the case, and was well calculated to confuse and mislead the jury. It entirely omits to inform the jury that the taking must have been felonious in order to constitute larceny, and fails to distinguish between presumptions of fact and presumptions of law. *Smith* v. *State,* 58 Ind. 340.

The twenty-second instruction given by the court is as follows:

" If the money belonged to John J. Martin, and was in the trunk in his house, in the bed-room, on the night his wife lay a corpse, and Nan Dean, while occupying that room as a sleeping apartment, unlocked the trunk, took out the money and handed it out through a window to the defendant, and the defendant there took it in charge, the defendant would be guilty of larceny as much as his wife if she was guilty, and the defendant would be guilty under the first count."

This instruction is more concise than the nineteenth, but

none the less erroneous. The defendant's wife was not on trial, and he could not be legally convicted of crime by comparison. It fails to state that in order to convict him the evidence must show that he had knowledge of the contents of the bundle handed him by his wife, or that the money was taken with a felonious intent.

Some objections are made to other instructions given by the court, and to instructions asked by the appellant, but as the judgment must be reversed on account of the error of the court in giving the instructions above set forth, and the questions of law involved in them are not likely to come before the court on a second trial, we will not extend this opinion by entering upon a discussion of their merits.

The judgment of the court is reversed, with instructions to grant a new trial.

Filed Jan. 14, 1892.