Bowen *v.* Jones.

Judgment affirmed.

Filed September 24, 1895.

No. 1,530.

## BOWEN *v.* JONES.

EVIDENCE.—*Signature.—Genuineness of, How Proven.—Signature to Paper Not in Evidence.*—The signature to a paper not in evidence cannot be proved for the purpose of comparing it with the disputed signature and thus establish the genuineness of the latter; but where a writing or signature which is admitted to be genuine is already in evidence for some other purpose, it may be compared with that in dispute, either by the jury or by experts, for the purpose of establishing the genuineness of that in controversy.

From the Delaware Circuit Court :

*J. N. Templer* and *C. B. Templer,* for appellant.

*C. E. Shipley* and *W. W. Orr,* for appellee.

Ross, J.—The appellant brought this action against the appellee to recover upon three separate contracts. To the complaint the appellee filed an answer of *non est factum.* Upon the issues thus formed, the cause was submitted to a jury for trial, and a verdict returned in favor of appellee. The appellant filed a motion for a new trial, which was overruled by the court and judgment rendered on the verdict.

Of the reasons contained in the motion for a new trial, the first, third, fifth, eighth and twelfth are the only ones discussed. Those not discussed are waived.

On the trial of the cause, the appellant offered to prove

VOL 13—13

Bowen v. Jones.

by appellee the genuineness of his signature to tax assessment lists purporting to have been made by him in the years 1892, 1893 and 1894 for the purpose of comparing the signatures attached to such lists with the signatures attached to the obligations sued on, and thus establish the genuineness of the latter.

The rule is settled in this State that the signature to a paper not in evidence cannot be proven for the purpose of comparing it with the disputed signature, and thus establish the genuineness of the latter. *Hazzard* v. *Vickery*, 78 Ind. 64, and cases cited. But, where a writing or signature, which is admitted to be genuine is already in evidence for some other purpose, it may be compared with that in dispute either by the jury or by experts, for the purpose of establishing the genuineness of that in controversy. *Shorb* v. *Kinzie*, 100 Ind. 429, and cases cited.

Upon a careful examination of the evidence, we think it such as justified the verdict returned by the jury. Were there no conflict in the evidence the contention of appellant might avail.

The court committed no error in refusing to permit the witness, Anson W. Greenwalt, in rebuttal to answer the following question, viz.: "You may state if you saw James H. Jones sign that subscription contract?" Mr. Greenwalt's deposition had been introduced in chief in which he testified that the appellee signed the subscription order or contract. Again, one paragraph of the complaint counts upon the subscription contract, and under the issues formed it devolved upon appellant in making his case in chief to prove the execution of the contract.

We find no available error for which the judgment should be reversed.

Judgment affirmed.

Filed September 25, 1895.