## WILLIAMS *v*. THE STATE OF INDIANA.

[No. 21,607. Filed January 3, 1911.]

FORGERY.—*Introducing other Disputed Signatures over Objection.—
Evidence.—Experts.*—In a prosecution for forgery, the State cannot introduce in evidence, over defendant's objection, an alleged
genuine signature of such defendant, which is not otherwise
a proper paper in the case, for the purpose of having experts
compare such signature with the alleged forged signature and
upon such comparison give an opinion as to the alleged forgery.

From Criminal Court of Marion County (37,687); *James
A. Pritchard*, Judge.

Prosecution by The State of Indiana against Alfred G.
Williams. From a judgment of conviction, defendant appeals. *Reversed.*

*Ira M. Holmes*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson*, for the State.

JORDAN, J.—Appellant was indicted by a grand jury of Marion County, for the crime of forgery, as defined by §2587 Burns 1908, Acts 1905 p. 584, §676. He entered a plea of "not guilty," there was a trial by jury, and a verdict returned finding him guilty as charged, and that he was thirty years old. A motion for a new trial, in which eleven reasons were assigned, was denied by the court, to which appellant reserved proper exceptions. The court then rendered a judgment that defendant be fined $10, and be imprisoned in the Indiana State Prison for the indefinite term of from two to fourteen years. From this judgment he prosecutes this appeal, and assigns as error the overruling of his motion for a new trial.

The indictment charges that defendant had in his possession a certain bill of exchange purporting to have been made and executed by W. S. Hill, the paymaster of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, for the payment in money of $87.25 to the order of W. E. McVay. This document, which is known as a "payroll draft," is set out in full in the indictment. It is further alleged in the indictment that while defendant had this document in his possession, he did, on November 13, 1908, at Marion county, Indiana, unlawfully, feloniously and falsely forge and indorse on this bill of exchange the following: "W. E. McVay," and did then and there unlawfully and feloniously utter, publish and pass said bill of exchange, with said false, forged and counterfeited indorsement, as being true and genuine, to the Indiana National Bank, with the intent to defraud said bank.

On the trial in the lower court the State introduced, as its first witness, Lawrence P. Grady, who testified that he was the chief special agent of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, on November 12

and 17, 1908; that on the latter date he went to defendant's rooming-house in the city of Indianapolis to secure from him a written statement, for the purpose of obtaining defendant's handwriting; that at the time this statement was signed the witness testified that defendant was sick in bed; that he gave defendant a fountain pen and that he sat up in bed, and with the witness's fountain pen wrote out the following statement, which was introduced in evidence:

" (Exhibit No. 1.)

1m.   1–18–1902.   S.
                    Form L. D. 13.
The   Cleveland,   Cincinnati,   Chicago   and   St.   Louis
                    Railway Co.
             In Matter of Personal Injury to
. . . . . . . . . . . . . . . . . . . . . . .at. . . . . . . . . . . . . . . . . . . . . . . .
                    Statement of Witness.
Taken by. . . . . . . . . . . . . . . . . . . . . . .
   At Indianapolis on the 17th day of November, 1908.

My name is A. G. Williams.   I reside at 1114 Fletcher avenue.   My occupation is brakeman.   On this 14th day of July, 1908, I was brakeman on work extra 6,323 for conductor W. E. McVay, and will say in regards to case, W. E. McVay did not kick any one off the train on that day, for there was no one on there to be put off.   I know positively conductor W. E. McVay did not put any one off the train.            Yours respectfully,
                                        A. G. Williams."

Grady, the witness, did not claim that he had defendant write this statement to be used in some claim against the railroad company, but he testified that he went to the witness's room to secure the statement for the purpose of getting his handwriting.   The prosecuting attorney, in offering this document in evidence, stated to the court that he offered it for the purpose of showing that the name of W. E. McVay was written therein, and that he desired to get that name before the jury to show the handwriting of the defendant, and to show that the handwriting therein, in signing the name W. E. McVay, was the same handwriting in which said

name was signed to the forged indorsement, for which defendant was being prosecuted.

Defendant objected to the introduction of this document in evidence, for the reasons that it was not relevant or pertinent to any of the issues in the case and was not a paper properly belonging therein, and that he did not admit that the handwriting therein, as claimed by the State to be his, was genuine; but his objections were overruled by the court, to which he excepted; and the court, over his objections and exceptions, admitted the statement in evidence for the purpose desired, as stated by the State's attorney. After this written statement was introduced in evidence, it was exhibited to the jury by the State's attorney for inspection, and during the trial the State used it as a specimen of defendant's handwriting, for the purpose of enabling its expert witnesses to make comparisons. These witnesses, as it appears, compared the handwriting in said statement, by which the name W. E. McVay was therein written, with the alleged forged name upon the indorsement, and, over the objections of the defendant, were allowed by the court to testify that in their opinion the person who wrote said name in the statement in question wrote the same name on the back of the payroll draft, which constituted the alleged forgery.

It is virtually conceded by counsel for the State that said exhibit No. 1 was neither relevant nor pertinent evidence to prove any issue in the case; that it was merely introduced into the case for the sole purpose of affording a comparison with the disputed signature on the forged indorsement. The rule is well settled in this jurisdiction that upon a question involving the handwriting of a person, the only papers that may be used in examination and in making comparisons by expert witnesses are those that have been introduced into the case for some proper purpose. Documents not pertinent to the cause cannot be examined and used by such witnesses for making comparisons, unless their genuineness is admitted by the party against whom the

evidence is sought to be used. This rule is well sustained by the following authorities: *Chance* v. *Indianapolis, etc., Gravel Road Co.* (1870), 32 Ind. 472; *Burdick* v. *Hunt* (1873), 43 Ind. 381; *Huston* v. *Schindler* (1874), 46 Ind. 38; *Jones* v. *State* (1877), 60 Ind. 241; *Forgey* v. *First Nat. Bank* (1879), 66 Ind. 123; *Hazzard* v. *Vickery* (1881), 78 Ind. 64; *Shorb* v. *Kinzie* (1881), 80 Ind. 500; *Shorb* v. *Kinzie* (1885), 100 Ind. 429; *Walker* v. *Steele* (1890), 121 Ind. 436; *White Sewing Machine Co.* v. *Gordon* (1890), 124 Ind. 495, 19 Am. St. 109; *McDonald* v. *McDonald* (1895), 142 Ind. 55; *Tucker* v. *Hyatt* (1896), 144 Ind. 635; *Doe* v. *Newton* (1836), 5 Ad. & El. 514, 31 Eng. Com. Law 712; *Van Wyck* v. *McIntosh* (1856), 14 N. Y. 439; *Bank, etc.,* v. *Mudgett* (1871), 44 N. Y. 514; *Miles* v. *Loomis* (1878), 75 N. Y. 288, 31 Am. Rep. 470; *Hynes* v. *McDermott* (1880), 82 N. Y. 41, 37 Am. Rep. 538; *Pierce* v. *Northey* (1861), 14 Wis. 10.

It is manifest that the trial court erred to the prejudice of appellant in permitting the document in question to be used by the State's expert witnesses for the purpose of comparing the handwriting therein with the disputed signature upon the alleged forged indorsement, and in expressing to the jury their opinions thereon against appellant. For which error the judgment must be reversed.

Other alleged errors are discussed and urged by counsel, but some of these, however, are not properly presented, and therefore cannot be considered. Others are not likely to occur again upon another trial, and are consequently dismissed without consideration.

For the error herein pointed out, the judgment below is reversed, and the cause remanded, with instructions to the lower court to grant appellant a new trial.