IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM AND NOVEMBER TERM, 1914,
IN THE NINETY-EIGHTH AND NINETY-NINTH
YEARS OF THE STATE.

---

### KAHN *v.* STATE OF INDIANA.

[No. 22,439. Filed May 26, 1914.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—On assignment of error in overruling a motion for new trial, specifications in the motion that are not referred to in appellant's brief are waived. p. 2.

2. CRIMINAL LAW.—*Evidence.*—*Other Offenses.*—Other crimes than the one for which defendant is on trial are not admissible to prove the *corpus delicti*; such evidence being admissible only in those cases where the act constituting the crime under investigation has been clearly established, and the motive, intent or guilty knowledge of the defendant is in issue. p. 3.

3. ARSON.—*Evidence.*—*Other Fires.*—Before proof of other fires can be admissible in a prosecution for arson, if admissible at all, it must be first established that defendant set the fire in question, and then shown that such previous fires were incendiary. p. 4.

4. ARSON.—*Evidence.*—*Other Fires.*—Evidence of other fires is admissible against defendant in a prosecution for arson, where the act for which he is being tried is susceptible of either a guilty or innocent interpretation, and the question is whether it was done with knowledge, malice, or intent; but not where the intent will be inferred from the act itself. p. 4.

5. ARSON.—*Evidence.*—*Other Fires.*—In a prosecution for arson the admission of evidence that defendant had a fire some five years before for the purpose of showing guilty knowledge of the fire in question, was erroneous in the absence of positive proof that such previous fire had been set by defendant. p. 4.

6.  ARSON.—*Evidence.*—*Other Fires.*—*Conspiracy.*—In the trial of a
    defendant, jointly indicted with another on the charge of arson,
    evidence of a previous fire in the home of his codefendant is not
    admissible, where no conspiracy to set fires is alleged or shown
    and it does not appear that such fire was set in furtherance of
    the conspiracy. p. 4.

7.  CRIMINAL LAW.—*Evidence.*—*Declarations of Coconspirators.*—
    Statements or admissions of coconspirators subsequent to the
    commission of an offense, at a time when the conspiracy is
    ended, or the offense committed for which the conspiracy was
    formed, are not admissible against the defendant on trial. p. 5.

8.  CRIMINAL LAW.—*Evidence.*—*Comparison of Handwritings.*—A
    paper not in the case and not admitted to be genuine by the
    party against whom it is offered, can not be used for the purpose
    of comparison on a question involving a person's handwriting.
    p. 6.

9.  ARSON.—*Instructions.*—*Consideration of Other Fires.*—Where
    no conspiracy was alleged or in any way shown, an instruction
    that evidence of a previous fire in the home of a codefendant
    could be considered against the defendant on trial, as evidence
    that the fire in question was intentionally set, was error. p. 6.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Prosecution by the State of Indiana against Ben Kahn.
From a judgment of conviction, the defendant appeals.
*Reversed.*

*F. J. Lewis Meyer,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H.
Branaman,* for the State.

ERWIN, J.—This was a prosecution by the State against
appellant, charging him and another, in an indictment, with
the crime of arson, in setting fire to a certain store building.
The appellant was tried separately and convicted. After
overruling a motion for a new trial judgment was
entered by the court. From this judgment an appeal
was prayed to this court, and by the assignment of
errors appellant avers that the court erred in overruling his
motion for a new trial. Ninety-two alleged errors are set
out in this motion, many of which are waived by failure of
appellant to refer to them in his brief.

The errors complained of most seriously are, allowing the State to prove the circumstances of another fire in a store owned by appellant and his father-in-law some five years previous; admitting proof of a fire in Chicago, in the residence of Ben Fink, the person jointly charged with appellant in this indictment, and at a time when Fink and appellant were not even acquainted with each other; permitting witnesses to testify that Fink, after the time of the alleged commission of the offense, had admitted that Fink's name on a certain card was his signature; permitting experts to testify that the signature of Ben Franklin on the hotel register was the same handwriting as the signature of Ben Fink on the card; refusing to allow the expert witness for the defense to give his reasons why the signature on the card and the one on the hotel register were not the same handwriting; the giving of an instruction to the effect that the jury might take into consideration the fact that Fink had a fire in Chicago, in determining whether the fire in question was of incendiary origin; the giving of an instruction to the effect that the jury might consider the fire which occurred some five years before, in the store of appellant and his father-in-law in determining whether appellant was guilty of the crime charged; the giving of an instruction to the effect that admissions made by appellant were presumed as a matter of law, to be true and refusal to give certain instructions tendered by appellant.

Other crimes than the one for which the defendant is upon trial are never permitted to be shown to prove the *corpus delicti.* It is only permissible in the trial of a criminal charge, in those cases where the act constituting the crime under investigation has been clearly established and the motive, intent or guilty knowledge of the defendant is an issue. 1 Wigmore, Evidence §§302-354; *Eacock* v. *State* (1907), 169 Ind. 488, 493, 82 N. E. 1039; *People* v. *Molineux* (1901), 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193. Before the proof of other fires is admissible

it must be established that the previous fire was incendiary, and then only after evidence has been introduced showing that the defendant set the fire in question. 1 Wigmore, Evidence §354. It is not easy to conceive how such evidence is admissible at all, in this class of cases, for the reason that if the State has established the fact that the defendant set the fire in question, the intent will be inferred from the act itself; and it would not aid the jury in determining the guilt of the defendant, as to the particular crime charged, to show that he had committed other similar crimes. This kind of evidence is only admissible in that class of cases where the act constituting crime is susceptible of both an innocent and a guilty interpretation; and the question is whether it was done with knowledge, malice or intent. It would be extending the rule too far to allow proof of another fire not connected in any way with the one under consideration, and not shown to be of incendiary origin, and then base a presumption of guilt of the crime charged on the presumption that he had set a previous fire. The court in this case permitted the State to show that appellant had another fire some five years before, as evidence of guilty knowledge of the fire in question without any positive proof that the former fire had been set by the appellant. This was error. *Strong* v. *State* (1882), 86 Ind. 208, 44 Am. Rep. 292; *People* v. *Kennedy* (1865), 32 N. Y. 141; *Bursall* v. *State* (1871), 35 Ind. 460; *Todd* v. *State* (1869), 31 Ind. 514.

Appellant complains that the court permitted proof of a fire in the home of his codefendant, Fink, in Chicago at a time when Fink and appellant were not acquainted and of which it is not pretended appellant had any knowledge whatever. This class of evidence is not admissible against the party on trial where no general conspiracy to set fires is alleged or established by the evidence. *State* v. *Osborne* (1909), 54 Or. 289, 103 Pac. 62, 20 Ann.

Cas. 627; *State* v. *Allen* (1906), 34 Mont. 403, 87 Pac. 177; *Dwiggers* v. *United States* (1907), 7 Ind. T. 752, 104 S. W. 1166; *State* v. *Spaulding* (1848), 19 Conn. 233, 48 Am. Dec. 158; *State* v. *Crofford* (1903), 121 Iowa 395, 96 N. W. 889; *Swan* v. *Commonwealth* (1883), 104 Pa. St. 218. Conspiracy must first be shown to exist before the acts of the coconspirators are admissible, and then only such acts as are done in furtherance of the conspiracy. *Sanderson* v. *State* (1907), 169 Ind. 301, 82 N. E. 525; *Williams* v. *State* (1874), 47 Ind. 568; *Card* v. *State* (1887), 109 Ind. 415, 9 N. E. 591; *Walls* v. *State* (1890), 125 Ind. 400, 25 N. E. 457; *Ford* v. *State* (1887), 112 Ind. 373, 14 N. E. 241. The court erred in admitting the testimony in relation to the Fink fire in Chicago.

It is urged by appellant that the court erred in permitting certain witnesses to give a conversation had with Ben Fink some months after the fire in question, in the absence of the appellant, and out of his presence and hearing, in which Fink made certain declarations and admissions, as to his name and as to his signature on a certain card, which card was afterwards used by expert witnesses in comparing the signature with the handwriting of a name on the register of a hotel, and which was introduced for the purpose of showing that Ben Fink was in South Bend on the night of the fire in question. This was error. Statements or admissions of coconspirators subsequent to the commission of an offense at a time when the conspiracy is ended or the offense committed for which the conspiracy was formed are not admissible against the defendant on trial. *Walls* v. *State, supra; O'Neil* v. *State* (1873), 42 Ind. 346; *Dean* v. *State* (1892), 130 Ind. 237, 29 N. E. 911; 4 Elliott, Evidence §§2943, 2944; 12 Cyc. 439, note 14; *Baker* v. *State* (1910), 174 Ind. 708, 713, 93 N. E. 14 and cases cited.

The card on which the signature admitted by Fink to be his own was also admitted in evidence, and this compared with the signature on the hotel register by the expert

witnesses for the State who testified they were in the same handwriting. This was error. The comparison by experts must be confined to papers in the case, which the party is estopped to deny, and such others as are admitted to be genuine by the party against whom they are offered. *Williams* v. *State* (1911), 175 Ind. 93, 97, 93 N. E. 448, and cases cited.

Appellant complains that the court erred in instructing the jury that it might take into consideration the fire of one Fink in Chicago as evidence that the fire in question was intentionally set. There is no allegation in the indictment that there was a general conspiracy to set fires, and further there is no evidence that at the time of the Fink fire in Chicago, that Fink and appellant knew each other, or had formed any conspiracy to set fires, nor does the State contend that Fink and appellant did fire any other buildings than the one for which appellant stands charged. The giving of this instruction was error.

As it is apparent that this judgment must be reversed on the errors already mentioned it will not be necessary to further extend this opinion. The other errors complained of may not occur on another trial. Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 105 N. E. 385. As to the question of proof of *corpus delicti*, see 68 L. R. A. 33. As to the admissibility of evidence of other crimes, generally, see 62 L. R. A. 194. As to declarations of one conspirator as evidence against the coconspirators, see 19 L. Ed. U. S. 106; 3 Am. St. 487. As to the admissibility, to prove motive for crime, of evidence tending to prove other crimes against the defendant, see 7 Ann. Cas. 66. See, also, under (1) 3 Cyc. 388; (2) 12 Cyc. 405, 408, 410; (3, 4, 5, 6) 3 Cyc. 1007; (8) 17 Cyc. 177; (9) 3 Cyc. 1010.