**Jack D. KINSER, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 47S008602–CR–168.

Supreme Court of Indiana.

Dec. 16, 1986.

Lawrence J. Brodeur, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jack D. Kinser was convicted at the conclusion of a jury trial in the Lawrence Circuit Court of arson and conspiracy to commit arson, both class B felonies. He was sentenced to twenty (20) years for each offense, to be served consecutively. On direct appeal, the following issues are raised:

1. admission of evidence of other fires;

2. sufficiency of the evidence; and

3. admission of evidence regarding a polygraph examination.

Cecil Sasser owned property at 49 N. Street, in Bedford, Indiana. In July, 1980, he sold it to Appellant, on contract, for $21,000. In September, 1981, Appellant approached Kathy Brosamale with an opportunity for her to buy the home. He advised her to furnish it nicely, insure it, and live in it for six months, after which time she should replace the furniture with older furniture. At that time he planned to have the house burned, and divide the insurance proceeds with her. Brosamale agreed, Jim Steward was offered $1,000 by Appellant to burn the home, and a plan to ignite the fire was devised, but the arson was not carried out. Charles Sullivan rented the house in 1981, but vacated it after Appellant pointed out that they both would "be sitting good" if the house would burn down. In July, 1982, Appellant entered a Contract Sale and Purchase Agreement concerning the property with Imogene Ross for $29,500. Ross purchased insurance to cover the interests of both herself and Appellant in the property. Ross asked her daughter to move from the home because it was to be burned. Ross also expressed an interest in backing out of the arson agreement with Appellant. On December 15, 1982, while no one was at home, the house caught fire and burned down. Barker Davie, a forensic chemist, observed that a liquid accelerant had ignited the fire in a bedroom, that there were two abnormal linear burn patterns, and that the furnace thermostat had been turned to the "high" setting. The expert witness was of the opinion that this was a "set" fire, that is, that it was purposely started by someone.

I

▐ Prior to trial, the trial court granted Appellant's motion in limine regarding his prior involvement in other unrelated fires. At trial, out of the presence of the jury, the State offered to prove, through Brosamale's testimony, that Appellant had burned other homes in order to collect insurance proceeds. Appellant objected, based on *Kahn v. State* (1914), 182 Ind. 1, 105 N.E. 315:

"Other crimes than the one for which the defendant is upon trial are never permitted to be shown to prove the *corpus delicti*. It is only permissible in the trial of a criminal charge, in those cases where the act constituting the crime under investigation has been clearly estab-

lished and the motive, intent or guilty knowledge of the defendant is an issue. [Citations omitted.] Before the proof of other fires is admissible it must be established that the previous fire was incendiary and then only after evidence has been introduced showing that the defendant set the fires in question. [Citations omitted.]"

*Id.*, 182 Ind. at 3–4, 105 N.E. at 386.

The State argued that such evidence was admissible to establish intent, motive, knowledge, plan, or identity. After argument, the trial court allowed evidence of prior fires to be admitted on these grounds. Appellant's motion for mistrial was denied.

We do not find *Kahn* at odds with the present case. The evidence at issue was not offered to prove the *corpus delicti*. It was offered to show Appellant's intent, motive, plan, or identity. The act constituting the crime under investigation, the burning of property at 49 N. Street, had been established, and Appellant's motive, intent, or guilty knowledge was at issue. Furthermore, the record reveals that Brosamale's testimony established that the previous fires were incendiary, and tended to show that Appellant set the fire in question here. Brosamale testified to conspiratorial conversations with Appellant on both of these subjects.

■ While it is true that, *in general*, evidence of prior crimes committed by a defendant which are separate and distinct from the charged crime are inadmissible to prove commission of the charged crime, such evidence has consistently been held admissible when it tends to prove intent, motive, purpose, identification, or common scheme. *Carter v. State* (1984), Ind., 471 N.E.2d 1112, 1113. Whether or not such evidence is admissible depends, in part, on the degree of similarity between the prior and present crimes, and is a decision within the discretion of the trial court.

Here, the challenged evidence revealed prior fires of heavily insured property owned by Appellant, incendiary in nature and showing signs of tampered-with electrical wiring. The evidence was properly admitted and the motion for mistrial properly denied.

## II

Appellant argues there is insufficient evidence to sustain his conviction, specifically that the State failed to prove a pecuniary loss of at least $5,000.

Where sufficiency of evidence is challenged on appeal, we will neither reweigh the evidence, nor judge the credibility of witnesses; rather, we will look to the evidence most favorable to the state, along with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact could infer facts beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ The evidence revealed that Cecil Sasser owned a home and acreage at 49 N. Street in Bedford, Indiana; that he sold the property to Appellant for $21,000 in July, 1980, but retained a contract interest in the property; that Appellant sold it to Imogene Ross for $29,000 in July, 1982; that the residence was insured for $28,000 in August, 1982; that the residence was a "total loss" after the fire; and that Sasser received $12,000 in compensation from an approximate total of $34,000 in insurance proceeds. This evidence is sufficient to support the jury's inference that a pecuniary loss of at least $5,000 was suffered.

## III

■ Appellant maintains the trial court erred in denying his motions for mistrial based upon the State's questions concerning a polygraph examination; in refusing to admonish the jury not to speculate as to the results of any polygraph examination; and in refusing to give his tendered Instruction No. 4, concerning polygraph results.

During the State's cross-examination of Appellant, he offered to take a polygraph examination. After the examination, he requested the State be precluded from questioning whether he took the test and the results. The trial court ruled the State could ask Appellant if he took the test,

because Appellant had opened the door by demanding such, but the State could not "go into anything other than whether or not he took the test...." During cross-examination of Appellant after the test, the following dialogue took place:

"Q. Mr. Kinser, you remember where we were when we left off Monday afternoon?

A: Yes sir.

Q: And you had been rather insistent that you wanted to take a polygraph examination, is that correct?

A: Yes sir.

Q: And we agreed to have you take one, is that right?

A: Yes sir.

Q: And did in fact you take that examination?

A: Yes sir. I did.

Q: Is there anything you would like to tell the jury here this morning?

A: No sir. I just took the test. That's all.

Q: Don't have anything you want to say this morning?

A: No sir.

[At which point Appellant objected, reserving for later the grounds.]

\* \* \* \* \* \*

Q: Jackie, you see—let's rephrase that. Monday you were very vigorously saying you were telling the truth.

A: Yes sir, I was.

Q: Today you aren't quite so vigorous in your assertion that you're telling the truth.

DEFENSE COUNSEL: Your Honor, I object to the—

Q: Is that right?

A: No sir.

DEFENSE COUNSEL: Object to the question and—

TRIAL COURT: I'm going to sustain the objection.

DEFENSE COUNSEL: And I ask the jury be admonished to disregard the comment of the prosecutor.

TRIAL COURT: At this time, ladies and gentlemen, you are admonished to disregard the last comment ..."

Appellant moved for a mistrial based on the comment, which motion was overruled.

A mistrial is an extreme remedy and is warranted only where the defendant was placed in a position of grave peril to which he should not have been subjected, and lesser curative measures will not suffice. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, 457–458, *reh. denied* (1986). Here, the prosecutor's comments did not reveal the results of the polygraph examination, nor did they place Appellant in grave peril. The court's sustaining Appellant's objection and admonishing the jury cured any prejudice which may have resulted from the comment.

Appellant tendered the following instruction, which was refused:

"You are instructed that the court has ruled that polygraph test results, if any, are not admissible as evidence. Therefore, you are not to speculate about or in any manner comment upon such results since speculation is not allowed under our system of laws."

The giving of jury instructions lies largely within the trial court's discretion, and any error will not warrant reversal unless the jury is misled as to the law of the case. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059.

Here, although a proper comment had been made about the polygraph examination, an improper comment also was made which resulted in an objection being sustained and the jury being admonished. The subject came about by Defendant's voluntary offer to submit to a polygraph examination. The trial court was within its discretion in deciding that by sustaining Appellant's objection and admonishing the jury, it had cured any error. The instruction tendered by Appellant was properly refused by the court based on the facts and circumstances here.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.